UNITED STATES, Appellee,

v.

David W. HYSONG, Captain, U.S. Air Force, Appellant.

No. 96–0889.
Crim.App. No. 31567.

U.S. Court of Appeals for the Armed Forces.

Argued May 15, 1997.

Decided Sept. 15, 1997.

For Appellant: *Captain Tishlyn Taylor* (argued); *Lieutenant Colonel Kim L. Sheffield* and *Captain W. Craig Mullen* (on brief).

For Appellee: *Major LeEllen Coacher* (argued); *Colonel Theodore J. Fink* and *Lieutenant Colonel Michael J. Breslin* (on brief).

PER CURIAM:

At his general court-martial convened at Wright–Patterson Air Force Base, Ohio, appellant was convicted, pursuant to his pleas, of wrongful appropriation of more than $2000, forgery of a check for that amount, and conduct unbecoming an officer by soliciting a cadet to obstruct justice, in violation of Articles 121, 123, and 133, Uniform Code of Military Justice, 10 USC §§ 921, 923, and 933, respectively. The convening authority approved the sentence of dismissal and confinement for 30 days. The Court of Criminal Appeals affirmed in an unpublished opinion.

The issue before us is whether the military judge erred to the material prejudice of the substantial rights of appellant by allowing the prosecutor, over defense objection, to question whether appellant himself felt he deserved to be dismissed for his offenses. For the reasons stated below, we affirm.

During appellant's sentencing hearing, assistant trial counsel cross-examined a character witness and elicited hearsay testimony concerning appellant's own belief that "he should suffer some consequences and that would naturally—probably entail leaving the Air Force." The Court of Criminal Appeals held that the military judge erred by overruling defense counsel's objection, since the testimony in question was inadmissible as "neither relevant to any issue in sentencing nor proper rebuttal," citing RCM 1001(b)(5) and Mil.R.Evid. 401, Manual for Courts–Martial, United States (1995 ed.). The Court of Criminal Appeals then tested for prejudice under Article 59(a), UCMJ, 10 USC § 859(a). Finding no prejudice to appellant's rights given the context of the entire sentencing hearing, the court affirmed on grounds of harmless error.

Whether the challenged testimony was or was not relevant sentencing evidence, we are

convinced that its admission did not harm appellant. In view of the seriousness of appellant's crimes, which included soliciting a cadet under his direct command to assist in a cover-up, it is not likely that admission of the statement that appellant anticipated "leaving the Air Force" had a significant impact on the sentencing proceeding.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.