## UNITED STATES

v.

## Jason R. GAMMONS, Seaman Recruit, U.S. Coast Guard.

### CGCMS 24127, 1078.

U.S. Coast Guard Court of Criminal Appeals.

Nov. 17, 1997.

Weston, J., filed a dissenting opinion.

* Judge McClelland did not participate in the deci-

Military Judge: CDR Michael J. Devine, USCG.

Trial Counsel: LT Benes Z. Aldana, USCGR.

Detailed Defense Counsel: LT J.K. Van Nest, JAGC, USNR.

Appellate Defense Counsel: LT Richard R. Beyer, USCGR.

Appellate Government Counsel (on the brief): LT Frank R. Levi, USCGR.

Appellate Government Counsel: LT William G. Rospars, USCG.

Before BAUM, KANTOR, and WESTON, Appellate Military Judges.

## OPINION OF THE COURT *EN BANC* *

BAUM, Chief Judge.

Appellant was tried by special court-martial, judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of four specifications of wrongful use of marijuana, one specification of wrongful use of lysergic acid diethylamide (LSD), and one specification of wrongful distribution of LSD, all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The judge sentenced Appellant to a bad conduct discharge, confinement for three months, and forfeiture of one-third pay per month for three months. The convening authority approved the sentence as adjudged, but, pursuant to the terms of the pretrial agreement, suspended all confinement in excess of 60 days for twelve months from the date sentence was imposed. Before this Court, Appellant has assigned two errors: (1) that he was deprived of a fair sentencing hearing within the meaning of *U.S. v. Pierce,*

sion.

27 M.J. 367 (CMA 1989) by the trial counsel's exploitation of prior nonjudicial punishment for the same offenses and the military judge's failure to credit that prior punishment against the court-martial sentence; and (2) that this Court lacks jurisdiction due to the service of a civilian judge not appointed in accordance with the Appointments Clause of the U.S. Constitution. Article II, § 2, cl. 2. This latter claim of error was conclusively resolved by the U.S. Supreme Court's determination in *Edmond v. U.S.*, —— U.S. ——, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997), that this Court's civilian judicial appointment is proper. Hence, appellant's second assignment of error is rejected without further discussion.

With respect to the first assignment of error, the facts of this case are similar in certain respects to those in *U.S. v. Dire*, 46 M.J. 804 (C.G.Ct.Crim.App.1997). In both cases, each accused was tried for offenses that were previously the subject of nonjudicial punishment and in both cases the trial counsel utilized the prior punishment in argument on sentence, after first presenting evidence of that nonjudicial punishment with other prosecution exhibits. Another similarity is that in both cases the "day-for-day, dollar-for-dollar, stripe-for-stripe" credit for prior punishment, as envisioned in *U.S. v. Pierce, supra*, 27 M.J. at 369, does not appear to have been given by either the military judge or the convening authority.

There are also dissimilarities that should be noted. In the instant case, upon defense counsel's stating that he had no objection to trial counsel's proffered exhibits, the military judge asked whether counsel was aware that one or more of the prior nonjudicial punishment offenses were included in charges before the court, to which counsel answered affirmatively. The judge also asked whether counsel intended to address the subject in extenuation and mitigation, which also received an affirmative answer. An exchange of this sort was missing in *U.S. v. Dire, supra*, as well as any indication that the judge or counsel recognized that there had been prior nonjudicial punishment for one of the offenses for which the accused was being sentenced.

After indicating to the judge that he was going to address Appellant's prior punishment in extenuation and mitigation, the defense counsel simply noted in his sentence argument that Appellant had been reduced and "fined" $200 at Captain's Mast for using marijuana, without indicating that the Mast offenses and the marijuana charges before the Court were one and the same, and without arguing that this prior punishment for the same offenses was a matter requiring mitigation of a court-martial sentence. Appellant also mentioned receiving Captain's Mast for drug use in an unsworn statement, but he, too, failed to state that the Mast punishment was for the same marijuana use before the court or that it called for sentence mitigation. In contrast, the trial counsel's sentence argument referred specifically to the prior nonjudicial punishment for marijuana use as a matter that aggravated the two LSD offenses.

The Government contends that Appellant waived any error in the admission of the evidence of nonjudicial punishment and that such error, in any event, was harmless, given the defense's stated plan to use that evidence in extenuation and mitigation. The Government acknowledges that *U.S. v. Pierce, supra*, requires that credit must be given for the prior punishment, but submits that a rehearing on sentence is neither required nor warranted by the trial counsel's reference to that prior punishment in argument on sentence, since, according to the Government, it was not the centerpiece of the argument. Judge Kantor and I disagree.

In *U.S. v. Dire, supra*, (Baum, C.J. dissenting), I stated my view that waiver, as urged by the Government, should not be applied under the factual situation that pertained in that case. The fact similarity here prompts a repeat of that earlier response:

> Since a due process question inheres in any trial on charges for which the accused has been previously punished, I would require an explanation by the judge to the accused of his rights under *Pierce* and an assurance from the accused that failure to object to evidence and use of that prior NJP by the Government constitutes a

knowing relinquishment of a right, before I would apply waiver.

*U.S. v. Dire,* 46 M.J. 804, 810 (C.G.Ct. Crim.App.1997) (Baum, C.J., dissenting).

 As in *Dire, supra,* there was no indication in this case that either counsel or the judge were aware of the requirements laid down in *U.S. v. Pierce, supra,* much less the accused. Accordingly, I would not apply waiver to the errors committed by trial counsel in submitting evidence of prior nonjudicial punishment for the same offenses and then exploiting that previous punishment in his argument on the sentence. Even without these errors, corrective action must be taken to apply the "dollar-for-dollar" credit for the nonjudicial punishment. I am unable to say what additional credit should be applied upon reassessment of the sentence for the errors at trial because I am not assured of the minimum sentence the Judge would have imposed had those errors not been committed. For that reason, I have concluded that the record must be returned for a rehearing on the sentence.

After review pursuant to Article 66, UCMJ, the findings of guilty are determined to be correct in law and fact and should be approved. Accordingly, the findings of guilty approved below are affirmed. In light of the foregoing discussion of the errors bearing on the sentence, the sentence is set aside and a sentence rehearing is ordered. If a rehearing is deemed impracticable, a supplementary court-martial order should be issued reflecting that determination, the affirmed findings, and no sentence. In any event, upon completion of all action below, the record shall be returned to this Court pursuant to *Boudreaux v. U.S. Navy–Marine Corps Court of Military Review,* 28 M.J. 181 (CMA 1989).

Judge KANTOR concurs.

WESTON, Judge (dissenting):

The majority holds that appellant was deprived of a fair sentencing hearing by virtue of trial counsel placing in evidence and later arguing as aggravation the prior nonjudicial punishment (NJP) of appellant for several of the same offenses referred to the special court-martial. Notwithstanding appellant's failure to object—and despite defense counsel's statement on the record that the same information would be addressed during the defense's case in extenuation and mitigation—my brethren have determined that the record must be returned for a rehearing on sentence. I respectfully disagree.

The facts of this case closely parallel those in *U.S. v. Dire,* 46 M.J. 804 (C.G.Ct.Crim. App.1997). As crew members aboard a cutter in Alameda, California, appellant and several others were awarded NJP for using illegal drugs and then transferred to a shore unit. Less than a week after that NJP appellant and several others committed additional offenses involving the use of illegal drugs. The similarities between these two cases argue for the same result reached in that earlier case. However, the intervening change in membership of our Court has yielded a different result here than in *Dire.*

If anything, the circumstances in this case are even more compelling for a finding of waiver of the claimed error. During the sentencing phase of the trial, the military judge questioned defense counsel before admitting into evidence a service record document detailing appellant's prior punishment under Article 15, UCMJ. Defense counsel stated on the record that he intended to address the information concerning that NJP during extenuation and mitigation.[1] Article 15(f), UCMJ, clearly permits an accused to show at trial that he has already been punished under that Article for the same offense—and requires consideration of that information in determining an appropri-

---

1. MJ: "[Receives document from bailiff.] Defense Counsel have any objections to these exhibits?

DC: Sir, the defense has no objection.
MJ: And you've seen each of these documents previously?
DC: I have, sir.

MJ: [Reviews the documents.] Defense counsel, I'm looking at Prosecution Exhibit 3 that appears to be coinciding with at least one of the charges, if not several. Are you aware of that?
DC: Yes, sir.
MJ: Do you intend to address that in your case in E and M?
DC: Yes, sir." R. at p. 35.

ate sentence. Thus appellant's interests were also served by defense counsel's decision not to oppose the Government's introduction of the record of prior NJP. In a slightly different context (discussing the vacation of a prior NJP). *U.S. v. Zamberlan,* 45 M.J. 491, 493 (1997) notes the dual relevance of prior NJP for purposes of sentencing:

> However, the reimposition of prior punishment is a two-edged sword that is entitled to appropriate consideration by the members as mitigation or aggravation. Appellant could have been punished more severely because she failed to take advantage of a second chance. Or, as the defense portrays, the reimposition of the original nonjudicial punishment could also have been considered a matter of mitigation.

In this case the defense expressly acceded to the Government's introduction of documents during sentencing that were relevant evidence in mitigation. Although the Government quite naturally sought to use that evidence of the prior NJP to underscore the appellant's recidivism, on the facts of this case I simply do not find any material harm to the appellant as a consequence of its introduction where the approved sentence is reduced to offset the prior NJP. See *U.S. v. Pierce,* 27 M.J. 367, 369 (CMA 1989); Article 59(a), UCMJ. See also *U.S. v. Hysong,* 47 M.J. 126 (1997). Furthermore, in the context of a judge-alone trial, I am confident that the military judge was not unduly prejudiced by this evidence.

Although I remain unconvinced that the introduction of the prior NJP document amounted to error here, it is not necessary to decide the issue on that basis. Appellant's failure to object has waived this claim of error. See RCM 1003(b)(3); See also *U.S. v. Williams,* 47 MJ 142 (1997).

However, since the record doesn't reflect that appellant's sentence was adjusted by either the military judge or the convening authority to credit appellant for his prior NJP, this Court should do so. *Pierce, supra* at 370. Appellant had already been reduced to E–1 as a result of the prior nonjudicial punishment; consequently, his sentence did not include a reduction in grade. However, in order to assure that appellant did not suffer an increase in other aspects of the adjudged sentence in lieu of a reduction in grade, in addition to restoring the $200.00 forfeiture of pay imposed as NJP I would further reassess the sentence approved and partially suspended below to offset any possible perception of double punishment.

In summary, I believe that the Government's introduction of the NJP record in this case was harmless error, if, indeed, it was error at all. See *Dire, supra.* The defense's failure to object to the Government's offer of evidence waived this claim of error. RCM 1003(b). Given the dual relevance of the record of prior NJP as both a matter in aggravation as well as a matter in extenuation or mitigation, and in light of the defense's clear intention to introduce the information at sentencing, it was not "plain error" to allow trial counsel to use this same information during the sentencing phase of trial.