# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

## Jason R. GAMMONS
## Seaman Recruit, U.S. Coast Guard

## CGCMS 24127

## Docket No. 1078

## 28 February 2000

Special Court-Martial convened by Commanding Officer, Coast Guard Support Center, Alameda, California.  Tried at Alameda, California, on 23 May 1996.

| | |
|---|---|
| Military Judge: | CDR Michael J. Devine, USCG |
| Trial Counsel: | LT Benes Z. Aldana, USCGR |
| Detailed Defense Counsel | LT J. K. Van Nest, JAGC, USNR |
| Appellate Defense Counsel: | LT Sandra K. Selman, USCGR |
| Appellate Government Counsel: | LCDR Chris P. Reilly, USCG |

## BEFORE
## PANEL FOUR
## BAUM, KANTOR, AND WESTON
Appellate Military Judges

PER CURIAM:

   This case was first decided on 17 November 1997[1], and, again, on reconsideration, on 19 June 1998[2].  Each time, with one judge dissenting, a sentence rehearing was ordered based on error by the trial counsel in violation of *U.S. v. Pierce,* 27 M.J. 367 (CMA 1989), by improperly using a prior punishment under Article 15, Uniform Code of Military Justice (UCMJ), for sentencing purposes, notwithstanding the fact that the nonjudicial punishment (NJP) was for three of the same offenses before the court.  Subsequently, the General Counsel for the Department of Transportation, as Judge Advocate General of the Coast Guard under the terms of Article 1 (1), UCMJ, certified this case for review by the U.S. Court of Appeals for the Armed Forces pursuant to Article 67(a)(2), UCMJ.  On 30 July

---

[1] 47 M.J. 766 (C.G.Ct.Crim.App. 1997)
[2] 48 M.J. 762 ( C.G.Ct,Crim.App. 1998)

1999, that court rendered its decision,[3] and, finding no error by the trial counsel, set aside the sentence action, but affirmed this Court as to findings and returned the record for crediting of the prior NJP against the sentence, if we should conclude that the record does not indicate appropriate consideration of the NJP by the military judge.

On remand, we have reviewed this record once again, and, as before, are unable to discern whether the military judge gave the kind of consideration to Appellant's prior NJP that is required by *U.S. v. Pierce*, supra , that is to say, complete credit for any and all NJP which assures that Appellant was not punished twice. Appellant submits that in the interest of judicial economy, and to completely void the appearance that he was twice punished, we should adjust the sentence in a manner that addresses both the reduction from E-2 to E-1 and the forfeiture of two hundred dollars pay for one month received as NJP. Appellant submits that offsetting the NJP forfeiture against the adjudged court-martial forfeitures will give appropriate credit for that aspect of the prior punishment. With respect to crediting of the reduction from E-2 to E-1, he has calculated an amount of lost pay attributable to his reduction and submits that we should further offset that amount against any remaining adjudged forfeitures.

Appellant has computed pay differentials based on pay charts for 1995 and 1996, which he has moved to attach as an appendix to his brief. His calculations are included in another appendix, which he has also moved to attach. Both motions are hereby granted. The appendices indicate that Appellant's pay loss from his NJP reduction amounted to $103.20 per month in 1995 and $105.90 per month in 1996. Rather than totaling the amount of pay lost between the NJP date of 3 October 1995 and his trial date of 23 May 1996, Appellant has computed the loss for approximately four months on the premise that such a period represents a likely minimum amount of time that an afloat commanding officer would require for observation and reevaluation before considering a request for advancement to E-2. The resulting pay differential is $406, which Appellant has added to the $200 NJP forfeiture, for a total of $606 that he asks to be credited against his court-martial forfeitures of one third pay per month for three months. The Government has joined with the request for crediting of this amount, but on the mistaken assumption that the computation of pay differential was for the entire period from the date of NJP to adjudged sentence, rather than four months. Government Answer at 3.

Appellant remained an E-1 until tried and sentenced seven months and twenty days after being reduced. It is, therefore, difficult for us to understand why pay loss from the Article 15 reduction in grade should be based on a lesser period of time. The Government appears to view the pay loss in the same light, since, its concurrence with Appellant's requested offset rests on the belief that the figure submitted covers the longer period of time. We will resolve this issue by setting aside the entire three months of court-martial forfeitures. Accordingly, only so much of the sentence approved and partially suspended below as provides for a bad conduct discharge and  confinement for three months, with confinement

---

[3] 51 M.J. 169 (1999)

in excess of 60 days suspended for twelve months from the date sentence was adjudged, is affirmed.  By this action, the adjudged forfeitures of one-third pay per month for three months are set aside.  All rights, privileges, and property of which Appellant has been deprived by virtue of execution of the forfeitures set aside will be restored.



For the Court,

//s//

James P. Magner

.