# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

## Thomas E. PRIMEAU
## Commissioned Warrant Officer (W-2), U.S. Coast Guard

## CGCMG 0139

## Docket No. 1101

## 27 June 2001

General Court-Martial convened by Commander, Eighth Coast Guard District. Tried at New Orleans, Louisiana, on 6-9 October 1997.

| | |
|---|---|
| Military Judge: | CAPT Robert W. Bruce, USCG |
| Trial Counsel: | LCDR Michael Zack, USCG |
| Assistant Trial Counsel: | LTJG Stephen Alvarez, USCGR |
| Detailed Defense Counsel: | LCDR Allen Lotz, USCG |
| Appellate Defense Counsel: | CDR Frederick W. Tucher, USCG |
| | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LCDR Chris P. Reilly, USCG |

### BEFORE
### PANEL FOUR
### BAUM, WESTON, KANTOR
Appellate Military Judges

Per curiam:

Appellant was tried by a general court-martial before a military judge sitting without members. Contrary to his pleas, Appellant was convicted of the following offenses: three specifications of dereliction of duty relating to Coast Guard Mutual Assistance loans; one specification of larceny of a $1500 Coast Guard Mutual Assistance check; and five specifications of wrongful appropriation of money by wrongfully using a government American Express credit card, in violation of Articles 92 and 121 of the Uniform Code of Military Justice (UCMJ), respectively. The judge sentenced Appellant to confinement for twelve months, forfeiture of $2810.00 pay per month for a period of twelve months, and a reprimand. The convening authority disapproved the reprimand pursuant to *United States v. Pierce*, 27 M.J. 367 (CMA 1989), since Appellant's commanding officer had issued a reprimand earlier as nonjudicial punishment for some of the same offenses before the court. The convening authority approved the remainder of the sentence as adjudged and suspended for eighteen months all confinement and forfeitures in excess of nine months. The convening

authority also denied a request by Appellant for waiver or deferral of automatic forfeitures of pay and allowances under Article 58(b), UCMJ. Before this Court, Appellant has assigned six errors,[1] of which the following three were orally argued: (1) that Appellant was denied his right to a speedy trial when the military judge approved a government requested forty-eight day delay to investigate additional offenses; (2) that the evidence is insufficient to support the guilty findings of wrongful appropriation by use of a government American Express credit card; and (3) that Appellant was denied the effective assistance of counsel when defense counsel failed to introduce testimony of Appellant's good military character on the merits to corroborate a mistake of fact defense. Notwithstanding the excellent advocacy by Appellate Defense Counsel, we have concluded that none of the issues raised merits relief.

With respect to the three assignments that were orally argued, the first is denied because we have determined that the judge did not abuse his discretion in granting a government requested continuance to investigate additional offenses so that all known offenses could be tried at the same time in the same forum, as contemplated by the Manual for Courts-Martial, Rule for Courts-Martial (RCM) 601(e)(2) (discussion). The second assignment, asserting an insufficiency of the evidence of wrongful appropriation, is also rejected because the evidence of record convinces us beyond a reasonable doubt that there was no mistake of fact when this experienced warrant officer wrongfully used a Government American Express card to withdraw money from automatic teller machines for unauthorized personal purposes. Moreover, we are also convinced beyond a reasonable doubt that Appellant, in so doing, had the necessary wrongful intent. The third contention, that Appellant was denied the effective assistance of counsel, is also rejected because the facts of record simply to not support such an assertion.

In order to establish inadequate representation, Appellant must show that counsel's performance was so deficient, the errors so serious, that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this regard, *Strickland* tells us that there is a strong, but rebuttable, presumption that counsel has provided adequate assistance. *Id.* at 690. Even without such a presumption, the actions of counsel in Appellant's behalf, as reflected in this record, are not open to characterization as deficient. It is in only one limited aspect that Appellant says the representation fell below requisite standards, the failure to call military character witnesses to bolster Appellant's testimony on the merits. These witnesses testified in Appellant's behalf at the sentencing stage, attesting to his good military character. Based on that testimony, Appellant now asserts that they should have been called as witnesses on the merits also. There may have been sound tactical reasons for counsel's decision not to take this course. Adverse matters were brought out on cross-examination that counsel may have been willing to risk at the sentencing stage, but not on the issue of guilt or innocence. As the then-Court of

---

[1] I. Appellant was denied the right to a speedy trial. II. The evidence is insufficient to support a conviction of wrongful appropriation by using a Government American Express Card. III. The evidence is insufficient to support a conviction of larceny of a check for $1500. IV. The Government improperly influenced sentencing with improper testimony from Appellant's former Commanding Officer and improper cross-examination of a defense witness. V. Submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (CMA 1982), that the convening authority denied Appellant's request for deferment and waiver of automatic forfeitures without an adequate factual basis. VI. Appellant was denied effective assistance of counsel when counsel failed to introduce good military character evidence on the merits to corroborate a mistake of fact defense.

Military Appeals said in *United States v. Rivas*, 3 M.J. 282, 289 (CMA 1977), "We will not second-guess the strategic or tactical decisions made at trial by defense counsel . . . ." The three orally-argued assignments of error, and the three that were not argued, are all denied.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.



For the Court,

//s//
Kevin G. Ansley
Clerk of the Court