UNITED STATES, Appellee,

v.

James A. PIERCE, Private U.S. Army, Appellant.

No. 59,448.

CM 8700048.

U.S. Court of Military Appeals.

Feb. 21, 1989.

For Appellant: *Captain Ralph L. Gonzalez* (argued); *Major Marion E. Winter* and *Captain William J. Kilgallin* (on brief).

For Appellee: *Captain Randy B. Cargill* (argued); *Colonel Norman G. Cooper* and *Major Daniel J. Dell'Orto* (on brief); *Lieutenant Colonel Gary F. Roberson* and *Captain Cynthia M. Brandon.*

*Opinion of the Court*

COX, Judge:

Appellant was convicted by general court-martial, military judge alone, at Fort Bragg, North Carolina, of absence without leave, larceny, wrongful appropriation, assault and battery on two servicemembers,

and being drunk and disorderly, in violation of Articles 86, 121, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, 928, and 934, respectively.[1] He was sentenced to a bad-conduct discharge, confinement for 13 months, total forfeitures, and reduction to E-1. The convening authority approved the sentence except for confinement exceeding 10 months and forfeiture exceeding one-half month's pay per month for 10 months.

This appeal arises out of the larceny specification. We granted review of the following issue:

WHETHER REFERRAL TO A COURT-MARTIAL OF AN OFFENSE FOR WHICH APPELLANT HAD BEEN PREVIOUSLY PUNISHED CONSTITUTED A DENIAL OF MILITARY DUE PROCESS AND A VIOLATION OF ARTICLE 13, UCMJ [10 U.S.C. § 813].

On or about July 5, 1986, appellant stole an aviator kit bag containing a parachute and personal items belonging to post personnel. Shortly thereafter, on July 11, in keeping with the 82d Airborne Division policy of prompt discipline, appellant was given nonjudicial punishment (Art. 15, UCMJ, 10 U.S.C. § 815) by his battalion commander. His punishment included restriction for 45 days, extra duty for 45 days, reduction from pay grade E-4 to E-2, and forfeiture of $358 pay per month for 2 months.

On August 25, 1986, the same battalion commander forwarded this charge and the others for which appellant now stands convicted to the regimental commander, who recommended that appellant be tried by general court-martial.[2] Appellant pleaded guilty pursuant to a pretrial agreement.

On appeal, appellant now contests his plea of guilty to the larceny specification, claiming that his prior punishment under Article 15 barred a subsequent trial on the same charge.[3] We disagree.

Article 15(f) provides:

The imposition and enforcement of disciplinary punishment under this article for any act or omission *is not a bar to trial by court-martial for a serious crime or offense growing out of the same act or omission,* and not properly punishable under this article; but the fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown shall be considered in determining the measure of punishment to be adjudged in the event of a finding of guilty.

(Emphasis added.)

 It is clear from the language of this provision that Congress did not intend for imposition of nonjudicial punishment to preclude the subsequent court-martial of a servicemember accused of a serious offense. *See also* RCM 907(b)(2)(D)(iv), Manual for Courts-Martial, United States, 1984. Article 44, UCMJ, 10 U.S.C. § 844 (Former jeopardy), does not, by its terms, apply to nonjudicial punishments. *See United States v. Fretwell,* 11 USCMA 377, 29 CMR 193 (1960). Likewise, Article 13 (Punishment prohibited before trial) is inapplicable as appellant was not punished "while [he was] being held for trial." Absent some sinister design, evil motive, bad

---

1. A Notice of Court-Martial Order Correction dated October 6, 1987, reflects that appellant was found guilty of Charge IV as a violation of Article 128, 10 U.S.C.A. § 928. However, the record reflects a finding under Article 90, 10 U.S.C.A. § 890. (R.91) Clearly, the finding should have been under Article 128, 10 U.S.C.A. § 928.

2. It appears that, at the time the nonjudicial punishment was administered, the full magnitude of appellant's pattern of misconduct was only just beginning to be discerned.

3. The Government asks us to consider whether, based upon the language of RCM 907(b)(2), Manual for Courts-Martial, United States, 1984, appellant waived his right to raise this issue for the first time on appeal. In light of our resolution of this issue, we need not address the question of waiver. However, we note from the record that the military judge recognized the issue and asked trial defense counsel if he intended to raise the issue of prior punishment. Counsel replied that he did not move to dismiss the charges. However, in deference to appellant and to the Court of Military Review, the record is not clear exactly what the trial defense counsel intended by his responses to the judge.

faith, etc., on the part of military authorities, it is not a violation of military due process to court-martial a servicemember for a serious offense, even though he has already been punished nonjudicially. That, however, is *all* Article 15(f) implies.

■ It does not follow that a servicemember can be twice *punished* for the same offense or that the *fact* of a prior nonjudicial punishment can be exploited by the prosecution at a court-martial for the same conduct.[4] Either consequence would violate the most obvious, fundamental notions of due process of law. Thus, in these rare cases, an accused must be given *complete* credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe. Furthermore, the nonjudicial punishment may not be used for *any* purpose at trial, such as impeachment (even of an accused who asserts he had no prior misconduct); to show that an accused has a bad service record; or any other evidentiary purpose, *e.g.*, Mil.R.Evid. 404(b), Manual, *supra.* Under these circumstances, the nonjudicial punishment simply has no legal relevance to the court-martial.

Because the types of punishments administered nonjudicially and those adjudged by courts-martial are not always identical, there may be some difficulties in reconciliation. Possibly, a "Table of Equivalent Punishments," similar to that provided in paragraphs 127c (2) or 131d, Manual for Courts–Martial, United States, 1969 (Revised edition),[5] would be helpful. This should pose no problem to the various services long accustomed to the idea of equiv-

alent sentences. *E.g., United States v. Hodges,* 22 MJ 260 (CMA 1986).

■ In addition, it appears that the duty to apply this credit cannot always be conferred on the court-martial. This is because Article 15(f) leaves it to the discretion of the *accused* whether the prior punishment will be revealed to the court-martial for consideration on sentencing. Presumably, the best place to repose the responsibility to ensure that credit is given is the convening authority. *Cf. United States v. Allen,* 17 MJ 126 (CMA 1984). This has the added benefit of avoiding instructional issues and eliminating doubts about the adequacy of credit actually applied by the sentencing authority.

This construction of Article 15(f) gives consistency to the congressional intent expressed throughout the Code that an accused shall only be appropriately punished for his crimes and offenses. Arts. 13, 15(e), 60, 66(c), and 69(b), UCMJ, 10 U.S.C. §§ 813, 815(e), 860, 866(c), and 869(b), respectively. *See also United States v. Sales,* 22 MJ 305 (CMA 1986), and *United States v. Suzuki,* 20 MJ 248, 249 (CMA 1985).

■ After careful review of the record, we also reject appellant's claim that he has been unfairly singled out for prosecution. The charges against appellant were serious and substantiated by his pleas of guilty. Neither the record nor the post-trial affidavits submitted in support of his claim justify reversal of the convictions. *United States v. Hagen,* 25 MJ 78 (CMA 1987), *cert. denied,* — U.S. —, 108 S.Ct. 1015, 98 L.Ed.2d 981 (1988).

---

4. It may well be a violation of military due process for military authorities to use this record of nonjudicial punishment for *any purpose at all,* including administrative, once a criminal conviction has been obtained for the same offense. Our review is confined to the appeal of court-martial "cases." Art. 67(b), UCMJ, 10 U.S.C. § 867(b). Accordingly, our holdings with respect to this nonjudicial punishment are limited to the extent it impacted on the case before us. We trust that appropriate military authorities will take whatever action may be required with respect to this record of nonju-

dicial punishment itself. Indeed, we have no idea whether this document is still purported to exist or whether it has been rescinded.

5. Extra duty for 45 days is equivalent to 60 days' restriction (1½ for 2); add the 45 days' restriction also imposed = 105 days' restriction. Confinement for 1 day is equivalent to 2 days' restriction, so 105 days' restriction = 52½ days' confinement. We note 62 days' confinement was remitted, apparently for good-time credit, on September 3, 1987.

In the instant case, the convening authority reduced appellant's adjudged punishment to conform with the terms of the pretrial agreement. The sentence as approved is the maximum allowed by the agreement. Thus, it is clear that the convening authority did not credit the nonjudicial punishment against the sentence. *See United States v. Larner*, 1 MJ 371 (CMA 1976). The military judge, in assessing the sentence, did indicate that he would "consider[ ]" the previous punishment. However, we do not know what he meant by that pronouncement. We conclude that it is appropriate for the court below to either (1) ascertain from the judge an explanation of what his consideration of the nonjudicial punishment implied; or (2) adjust appellant's sentence to assure that he was not twice punished.

The decision of the United States Army Court of Military Review is set aside as to sentence. The record of trial is returned to the Judge Advocate General of the Army for resubmission to that court for further review.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in the result):

I agree with the majority that referral of these charges to a court-martial violates neither military due process in general nor Article 13, Uniform Code of Military Justice, 10 U.S.C. § 813, in particular. Moreover, I see no problem in returning this case to ensure the disciplinary punishment was "considered in determining the measure of punishment to be adjudged...." Art. 15(f), UCMJ, 10 U.S.C. § 815(f). Otherwise, I disagree. *See United States v. Carter*, 25 MJ 471, 479 (CMA 1988).