*906 OPINION OF THE COURT
NOVAK, Judge:
Pursuant to his pleas, the appellant was found guilty by a military judge sitting as a special court-martial of absence without leave (AWOL) and three specifications of wrongful use of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for four months, and forfeiture of $200.00 pay per month for four months. He further ordered that the appellant be credited with $300.00 against adjudged forfeitures and fifty-three days of confinement for previously imposed punishment under Article 15, UCMJ, for one of the specifications of marijuana use.
This case is before the court for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial and the briefs of both parties. In his single assignment of error, the appellant renews his claim first made to the convening authority for Pierce[1] credit for prior forfeitures he paid as the result of Article 15, UCMJ, proceedings. He asserts that Pierce credit must be meaningful, and that the monetary credit that the convening authority ordered against adjudged forfeitures was meaningless in light of the operation of Article 58b, UCMJ.[2] The appellant argues that under the mandatory collection procedures of Article 58b, UCMJ, any credit the convening authority ordered against adjudged forfeitures was nullified. We agree and will grant relief.
Facts
Several months before his court-martial, the appellant served forty-five days of restriction and forty-five days of extra duty and forfeited $150.00 pay per month for two months pursuant to Article 15, UCMJ, proceedings for one of the specifications of marijuana use of which he was found guilty at his court-martial. His counsel elected not to raise the issue of credit for the prior punishment during the court-martial.[3] Instead, he requested credit in a post-trial clemency submission to the convening authority, relying on Pierce for the proposition that the ultimate responsibility to ensure that credit is properly awarded is with the convening authority. He asked for “clemency in the amount of $300” for the forfeitures and credit of fifty-two and one-half days of confinement for the restriction and extra duty, using the “Table of Equivalent Punishments,” Manual For Courts-Martial, United States 1969 (Rev. ed.), suggested by the Pierce court to reconcile dissimilar punishments. The convening authority in his action ordered that the appellant “be credited with $300.00 against adjudged forfeitures and 53 days confinement.”
Discussion
This is the most recent of several eases before this court that illustrate the problems inherent in referring to a court-martial a specification for which a soldier has already been punished under Article 15, UCMJ. In Pierce, the Court of Military Appeals, now the Court of Appeals for the Armed Forces, held that soldiers “can [not] be twice punished for the same offense” at both a court-martial and Article 15, UCMJ, proceedings. 27 M.J. at 369. Thus, not only is the government prohibited from using the record of proceedings under Article 15, UCMJ, in aggravation during the presenteneing portion of the trial, but the soldier is also entitled to “complete ... day-for-day, dollar-for-dollar, stripe-for-stripe” credit for the previous nonjudicial punishment. Id. The issue in the appellant’s case is how monetary Pierce credit is to be calculated in light of the 1996 enactment of Article 58b, UCMJ.
*907 The Pierce decision contemplated that offenses previously punished under Article 15, UCMJ, would be referred to courts-martial only in “rare cases.” 27 M.J. at 369. The court emphasized that credit must be “complete ” and that any form of double punishment “would violate the most obvious, fundamental notions of due process of law.” Id. Implicit in this holding is the principle that the convening authority must, whenever possible, grant credit which gives meaningful relief to the appellant, not credit which only confers an illusory benefit on him. Thus, monetary Pierce credit, to be meaningful, must consider the effect of automatic forfeitures pursuant to Article 58b, UCMJ. To facilitate appellate review of courts-martial involving Pierce credit, records of trial and their allied papers should clearly establish that all punishments executed under Article 15, UCMJ, have been fully restored.
The record of trial in the appellant’s case contains no evidence that the convening authority’s action resulted in meaningful relief, that is, actual, dollar-for-dollar, in-poeket credit of appellant’s previously paid Article 15, UCMJ, forfeitures. Under Article 58b, UCMJ, the appellant automatically lost two-thirds of his pay for the duration of his confinement, starting fourteen days after the sentence was adjudged. Whether the convening authority approved all adjudged forfeitures, no forfeitures, or gave credit against the adjudged forfeitures in the amount the appellant forfeited under Article 15, UCMJ, the total amount of appellant’s forfeitures, punitive and automatic, remained exactly the same. The overall monetary punishment he suffered from the court-martial, whether as a result of an act of Congress or as part of the sentence imposed by the military judge, did not change with the convening authority’s action.
The convening authority in the appellant’s case had several options to grant meaningful credit, such as deferment or waiver of forfeiture of pay, or additional confinement credit. For example, under Articles 57(a)(2) and 58b(a)(l), UCMJ, had the appellant requested, the convening authority could have deferred for one-half month the adjudged and automatic forfeitures which were scheduled to start fourteen days after trial;[4] under Article 58b(b), UCMJ, he could have waived $300.00 in automatic forfeitures and sent them to the appellant’s wife; finally, if the appellant had not yet been released from confinement, the convening authority could have used the “Table of Equivalent Punishments” to convert the forfeitures into ten extra days of confinement credit (one day of pay equals one day of confinement). Any of these options would have complied with both the letter and spirit of Pierce, and should be considered by staff judge advocates faced with giving advice on Pierce credit. While staff judge advocates are adjusting their post-trial recommendations to effect Pierce credit in light of Article 58b, UCMJ, we encourage defense counsel to assist them by requesting specific, meaningful relief based on their clients’ monetary situation, family circumstances, and personal desires.
In the interest of judicial economy in the appellant’s case, we will grant the appellant relief against his sentence to confinement instead of sending the case back to the convening authority for new action. Our remedies on appeal are more restricted than those available to the convening authority, especially where the appellant has already served his confinement. We can neither defer nor waive forfeitures, nor can we meaningfully convert monetary forfeitures into days free from confinement. We can only disapprove confinement already served to convert the disapproved time into “good time” for pay purposes,[5] thus returning any pay forfeited under Article 58b, UCMJ. Because the appellant was forfeiting approximately $400.00 per month by virtue of Article 58b, UCMJ, while he was imprisoned, we will *908 disapprove one months’ confinement to ensure he receives at least $800.00.
The findings of guilty are affirmed. Only so much of the sentence as provides for a bad-conduct discharge, three months of confinement, and forfeiture of $200.00 pay per month for four months is affirmed. Appellant remains entitled to fifty-three days of confinement credit, as directed by the convening authority, against the affirmed sentence.
Judge TRANT and Judge CARTER concur.

. United States v. Pierce, 27 M.J. 367, 369 (C.M.A.1989)(when a court-martial offense has been the subject of prior nonjudicial proceedings, a soldier will receive credit for any punishment suffered).

. Article 58b, UCMJ, requires, inter alia, that an appellant with an adjudged sentence from a special court-martial that includes an unsuspended bad-conduct discharge forfeit, by operation of law, two-thirds of his or her pay during any period of confinement, starting fourteen days after the sentence is adjudged.

. See Article 15(f), UCMJ ("the fact that a disci.plinary punishment has been enforced may be shown by the accused upon trial”)(emphasis added).

. Article 58b, UCMJ, would have required the appellant to forfeit a total of two-thirds pay per month, or approximately $600.00 per month, while he was in confinement: of that amount, $200.00 represented adjudged forfeitures, and the remainder was automatically forfeited under the provisions of Article 58b, UCMJ.

. Department of Defense (DOD) Financial Management Regulation, DOD 7000.14-R, Volume 7A, Military Pay Policy and Procedures Active Duty and Reserve Pay, para. 70506.1d (Interim Change Number 18-96, 26 June 1996).