# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

### Michael J. REES
### Seaman Apprentice, U.S. Coast Guard

## CGCMS 24119

## Docket No. 1069

## 3 August 2000

Special Court-Martial convened by Commander, Coast Guard Integrated Support Command Alameda. Tried at Alameda, California 27 May 1999.

| | |
|---|---|
| Military Judge: | LCDR William J. Shelton, USCG |
| Trial Counsel: | LT Ross L. Sargent, USCG |
| Detailed Defense Counsel: | LT David R. Askew, JAGC, USNR |
| Appellate Defense Counsel: | LT Sandra K. Selman, USCGR |
| Appellate Government Counsel: | LCDR Chris P. Reilly, USCG |

## BEFORE
## THE COURT *EN BANC*
## BAUM, KANTOR, AND WESTON[*]
### Appellate Military Judges

BAUM, Chief Judge:

On 28 October 1998, this Court affirmed Appellant's special court-martial conviction for LSD use but did not affirm a marijuana-use conviction for which nonjudicial punishment (NJP) of $50 forfeiture and reduction from paygrade E-3 to E-2 had been previously administered.[1] Our decision also set aside the sentence and ordered a rehearing due to the trial counsel's improper exploitation of the prior NJP, and because the sentence credit required by *U.S. v. Pierce*, 27 M.J. 367 (CMA 1989), had not been applied. The rehearing has been held with the same judge imposing the same sentence as before: a bad-conduct discharge (BCD), confinement for sixty days, forfeiture of $100 per month for six months and reduction to paygrade E-1. Also, as before, the convening authority has approved the BCD, confinement, and forfeitures as adjudged, and suspended all confinement in

---

[*] Judge McClelland did not participate in the decision.
[1] *U.S. v. Rees*, 48 M.J. 935 (C.G.Ct.Crim.App. 1988)

excess of 30 days.[2] This time, however, the convening authority has applied credit for the prior NJP by disapproving the reduction to E-1 and offsetting the NJP's $50 forfeiture against the court-martial sentence.

Appellant has assigned one error before this Court, that he was denied his Sixth Amendment right to effective representation at his sentence rehearing. Specifically, Appellant claims that his counsel failed to move for dismissal of the marijuana charge, which this Court had suggested as a possible defense action upon return of the record; failed to challenge the military judge for bias; failed to present a case in extenuation and mitigation; failed to submit clemency matters after trial; and otherwise failed to request that Appellant be made whole under *U.S. v. Pierce*, supra. Appellant has not submitted an affidavit in support of his claimed denial of effective representation, relying, instead, entirely on the record. Accordingly, there are no factual matters requiring resolution by way of counter-affidavit or evidentiary hearing pursuant to *U.S. v. Dubay,* 17 USCMA 147, 37 CMR 411 (1967).

The record reflects that all the asserted counsel inactions are true. Defense counsel took none of the steps Appellant contends were necessary. That does not necessarily equate to ineffective representation, however. The test in that regard requires a showing that defense counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and that the deficient performance prejudiced the defense so as to deprive Appellant of a fair trial, that is, one with a result that is reliable. S*trickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); U.S. *v. Scott*, 24 M.J. 186 (CMA 1987). Citing *U.S. v. Moulton*, 47 M.J. 227, 229 (1997), and *U.S. v. Scott*, *supra,* Appellant acknowledges that there is a strong presumption that defense counsel was effective and that Appellant has a heavy burden to overcome that presumption. To accomplish that task, Appellant must show: 1) that there is no reasonable explanation for counsel's actions; 2) that defense counsel's level of advocacy fell measurably below performance ordinarily expected of fallible lawyers; and 3) absent defense counsel's errors, there is a reasonable probability that there would have been a different result. *U.S. v. Grigoruk*, 52 MJ 312, 315 (2000). Appellant has not made that necessary showing.

As for challenging the military judge, Appellant has not made out a compelling case of bias that would have justified the granting of such a challenge. Furthermore, even if counsel had challenged the judge and succeeded in removing him from the trial, such action surely would have delayed completion of the rehearing until another judge could be assigned, with little likelihood of any new

---

[2] The convening authority stated in his action that he was suspending confinement in excess of 30 days for a period of 12 months from 2 April 1996, the date of the initial sentence hearing, which is also the date the first suspension period commenced. The convening authority also stated in both his prior action on the first sentence and in the current action that at the end of the 12 month period of suspension the suspended part of the sentence would be remitted without further action, unless sooner vacated. The period of suspension expired before the rehearing was held and there is no indication in the record that the suspended confinement was vacated. Accordingly, it is presumed that the suspended portion of the sentence was remitted without further action pursuant to the terms of the convening authority's first action on the sentence. For that reason, since remission cancels the unexecuted part of a sentence to which it applies, RCM 1108.(a), there should have been no confinement left to suspend after the rehearing on sentence.

judge imposing a sentence that did not include a punitive discharge. Avoiding a delay that offered little prospect of any lasting benefit would be a reasonable explanation for counsel's action in this instance. If Appellant had started a new life with a new job while on appellate leave away from the Coast Guard, it is reasonable to assume that he would have been eager to have the rehearing completed as rapidly as possible so that he could return to that new life. In that event, it would have been unlikely that Appellant would have countenanced any tactics causing delay in completion of the rehearing. We have no affidavit from him indicating otherwise, leaving us with the presumption that counsel acted in accord with his client's wishes.

With respect to the question whether there should have been a motion to dismiss the marijuana offense, we noted in our opinion ordering the rehearing that we were expressly leaving that decision to the trial participants. We can see now why a motion of this kind could have been contrary to Appellant's best interests at trial. A motion to dismiss the offense for which NJP had been imposed would have injected the subject of Appellant's prior punishment for marijuana use into the trial, raising the possibility that the Government could have argued recidivism again based on Appellant's commission of another drug offense shortly after the NJP. Dismissal of the marijuana offense would have clearly made the prior NJP for that offense a proper matter in aggravation for introduction by the Government prior to sentencing. By not making that motion, and by not offering the NJP in extenuation and mitigation, defense counsel kept any reference to the NJP out of the rehearing on sentence and prevented the trial counsel from utilizing that prior punishment against Appellant. In so doing, counsel appears to have fulfilled the role of "gatekeeper" envisioned in *U.S. v. Gammons*, 51 M.J. 169, 180 (1999), which offers a reasonable explanation for the defense counsel's decision not to move for dismissal of the marijuana offense.

As asserted by Appellant, defense counsel did not present anything in extenuation and mitigation before making an argument on the sentence, nor did he submit a petition for clemency to the convening authority. Furthermore, counsel failed to request a crediting of the prior NJP against the court-martial sentence. It could be argued that none of these actions was necessary, given the posture of the case as a sentence rehearing before the same judge who had received and considered extenuation and mitigation evidence at the first trial. Moreover, the convening authority was required to both mitigate the sentence in accord with a pretrial agreement and to give sentence credit pursuant to *U.S. v. Pierce, supra.* Necessary or not, we would expect a counsel to offer something in his client's behalf before sentencing at a rehearing, even if it were nothing more than directing the judge's attention to matters presented at the first trial. That certainly would not have caused delay, if expediting the process was Appellant's primary objective. Further advocacy with the convening authority after trial should not have interfered with that objective either. We can see no reasonable explanation for counsel's inaction during the sentencing and post sentencing stage of this case. Counsel must be ever conscious of not only their advocacy responsibilities at all points but also must be prepared to explain their actions should a challenge to the adequacy of their representation be made on appeal. Further pursuit of explanation for counsel's actions in this case is not necessary, however, when we consider whether there would have been a reasonable probability of a different result in punishment, but for the defense's failure to submit matters bearing on the sentence.

As already indicated, with the remission and cancellation of all confinement in excess of 30 days, no confinement beyond 30 days could be legally approved by the convening authority, RCM 810(d)(2), and, accordingly, will not be affirmed. Moreover, Appellant had already served his 30 days confinement and presumably had been placed in an appellate leave status without pay upon completion of that confinement. As a result, only $100 would have been forfeited from the one-month's pay he earned while in a pay status during confinement. For all practical purposes, only the BCD and the reduction to paygrade E-1 were left as viable sentence elements upon which to seek further mitigation or sentence credit. The reduction was disapproved by the convening authority as credit for the prior NJP, leaving only the BCD for further amelioration. We are convinced that no amount of mitigating and extenuating evidence would have foreclosed the imposition of this punitive discharge for wrongful use of LSD and we are equally confident that no amount of clemency material presented to the convening authority or urging for additional sentence credit for the prior NJP would have prompted him to approve anything less than an unsuspended BCD. In short, we find no reasonable probability of a different result, had all the steps been taken that Appellant now urges.

In light of the foregoing, Appellant's assignment of error is rejected. We have reviewed the record again in accordance with Article 66, UCMJ, and have determined that the findings of guilty are correct in law and fact. Accordingly the findings of guilty of the charge and specification one are affirmed and the finding of guilty of specification two is reaffirmed. Only so much of the sentence approved below is affirmed as provides for a BCD, confinement for 30 days, and forfeitures of $100 per month for six months, with credit against the forfeitures of $50 from the prior NJP, as provided by the convening authority. If not already accomplished, all rights, privileges, and property, of which Appellant has been deprived by virtue of forfeiture of $50 that has since been ordered credited and execution of the subsequently disapproved reduction to paygrade E-1, will be restored.

Judges KANTOR and WESTON Concur.



For the Court,


//s//
James P. Magner
Clerk of the Court