IN THE CASE OF


UNITED STATES, Appellee

v.

David A. BRACEY, Private E-2
U.S. Army, Appellant

No. 01-0408

Crim. App. No. 9900298

United States Court of Appeals for the Armed Forces

Argued December 12, 2001

Decided April 2, 2002


EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, J., and SULLIVAN, S.J., joined.  BAKER,
J., filed an opinion concurring in the result.


Counsel

For Appellant:  Captain Christopher D. Carrier (argued); Colonel Adele H.
    Odegard, Lieutenant Colonel E. Allen Chandler, Jr., and Major Mary M.
    McCord (on brief); Lieutenant Colonel David A. Mayfield and Captain
    Maanvi M. Patoir.

For Appellee:  Captain Tami L. Dillahunt (argued); Colonel Steven T. Salata,
    Lieutenant Colonel Denise R. Lind, and Major Paul T. Cygnarowicz (on
    brief); Captain William J. Nelson.



Military Judge:  Donna M. Wright



THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

A special court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of failure to go to his appointed place of duty, disrespect to a superior commissioned officer (four specifications), failure to obey a noncommissioned officer, and disrespect to a superior noncommissioned officer (two specifications), in violation of Articles 86, 89, and 91, Uniform Code of Military Justice (UCMJ), 10 USC §§ 886, 889, and 891, respectively. Contrary to his pleas, appellant was convicted of making a false official statement and larceny of military property of a value of more than $100, in violation of Articles 107 and 121, UCMJ, 10 USC §§ 907 and 921, respectively.

Appellant was sentenced to a bad-conduct discharge, six months' confinement, forfeiture of $630.00 pay per month for six months, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Army Court of Criminal Appeals affirmed in an unpublished decision.

On appellant's petition, we granted review of the following issue:

> WHETHER FINDING APPELLANT GUILTY OF
> DISRESPECT TO A COMMISSIONED OFFICER FOR THE
> SAME CONDUCT FOR WHICH HE HAD RECEIVED AN
> ARTICLE 15 FOR DISOBEYING THAT OFFICER
> ENTITLES HIM TO SENTENCE CREDIT UNDER UNITED
> STATES V. PIERCE, 27 MJ 367 (CMA 1989).

For the reasons discussed below, we hold that appellant was not entitled to sentence credit for his prior nonjudicial punishment (NJP) under the circumstances of this case.

### I. Credit for Nonjudicial Punishment

The Uniform Code of Military Justice authorizes commanding officers to impose designated "disciplinary punishments for minor offenses without the intervention of a court-martial . . . ." Art. 15(b), UCMJ, 10 USC § 815(b). If a servicemember has received such NJP for a minor offense, and the offense is later referred for trial by court-martial, the accused may move to dismiss the charge on the grounds of former punishment for a minor offense. RCM 907(b)(2)(D)(iv), Manual for Courts-Martial, United States (2000 ed.).[*]

If NJP has been imposed for a serious crime or offense, Article 15(f) provides that such punishment is not a bar to trial by court-martial. The protections for military personnel against double jeopardy under the Fifth Amendment of the Constitution of the United States and Article 44, UCMJ, 10 USC § 844, apply only to judicial punishments, not to nonjudicial

---

[*] All Manual provisions are identical to the ones in effect at the time of appellant's court-martial.

punishments under Article 15.  See United States v. Fretwell, 11

USCMA 377, 29 CMR 193 (1960).

Although an accused may be tried for a serious offense

after a prior NJP for the same offense, the UCMJ provides

protection against double punishment.  As we noted in United

States v. Gammons, 51 MJ 169, 180 (1999), "[t]he purpose of

Article 15(f) is to prevent the accused from being punished

twice for the same offense as a matter of statutory law even

though such successive punishment is otherwise permissible as a

matter of constitutional law."  In United States v. Pierce, 27

MJ 367 (CMA 1989), we provided a mechanism for appropriately

crediting prior NJP.  An accused who is convicted at court-

martial for the same offense for which NJP previously was

imposed may request credit "for any and all nonjudicial

punishment suffered:  day-for-day, dollar-for-dollar, stripe-for

stripe."  Id. at 369

The credit is not automatic.  As we emphasized in Gammons,

the accused is "the gatekeeper on the question as to whether an

NJP for a serious offense will be brought to the attention of

the sentencing authority."  51 MJ at 180.  We observed that

> [t]he accused, as gatekeeper, may choose
> whether to introduce the record of a prior
> NJP for the same act or omission covered by
> a court-martial finding and may also choose
> the forum for making such a presentation.
> The accused may:  (1) introduce the record
> of the prior NJP for consideration by the

4

> court-martial during sentencing; (2)
> introduce the record of the prior NJP during
> an Article 39(a), UCMJ, 10 USC § 839(a),
> session for purposes of adjudicating credit
> to be applied against the adjudged sentence;
> (3) defer introduction of the record of the
> prior NJP during trial and present it to the
> convening authority prior to action on the
> sentence; or (4) choose not to bring the
> record of the prior NJP to the attention of
> any sentencing authority.  In that regard,
> we note than an accused may have sound
> reasons for not presenting the record of the
> prior NJP to any sentencing authority.
> Absent a collateral issue, such as
> ineffective assistance of counsel, failure
> to raise the issue of mitigation based upon
> the record of a previous NJP for the same
> offense prior to action by the convening
> authority waives an allegation that the
> court-martial or convening authority erred
> by failing to consider the record of the
> prior NJP.

Id. at 183.


## II.  Background

Appellant's platoon leader ordered him to stand at the position of "parade rest" in the course of counseling appellant for assaulting a fellow soldier.  Appellant responded by clenching his fists and turning his head away from the platoon leader.  The platoon leader then issued a second command, ordering appellant "to go to the position of attention."  Appellant responded by disobeying the order to stand at the position of attention.  Following these events, appellant's

5

company commander imposed NJP upon appellant for the offense of willful disobedience of the order to stand at attention.

Subsequently, charges against appellant were referred to trial for a variety of offenses, including offenses emanating from the confrontation with his platoon leader. Appellant was convicted of a number of offenses, including the conviction at issue in the present appeal -- behaving with disrespect toward his platoon leader "by clenching his fists and turning his head away from" his platoon leader.

During sentencing proceedings, trial counsel introduced the record of the earlier NJP for disobeying the platoon leader's order to stand at attention as evidence in aggravation, and referred to it in his closing argument. Defense counsel did not refer to the NJP, and made no motion for Pierce credit or for consideration of the prior punishment as a matter in mitigation. There is no indication in the record that appellant raised the matter with the convening authority after trial.

### III. Discussion

Appellant asserts that he is entitled to Pierce credit, contending that his actions -- clenching his fists and looking away from his platoon leader -- were the basis of both the disobedience offense punished under Article 15 and the disrespect offense punished at court-martial. The record

indicates that these were separate actions.  The providence inquiry and the associated stipulation of fact indicate that the disrespect offense at issue in the court-martial occurred in response to the platoon leader's order for appellant to stand at parade rest.  The NJP record, however, indicates that earlier NJP was imposed for violation of a different order -- the order to stand at attention.  There is no indication in the record that appellant ever was punished -- by NJP or by court-martial -- for disobeying the order to stand at parade rest.  See United States v. Virgilito, 22 USCMA 394, 47 CMR 331 (1973)(disobedience and disrespect stand as greater and lesser only where the disobedience constitutes the disrespect).

Neither the Constitution nor the UCMJ precludes a person from being convicted for multiple offenses growing out of the same transaction, so long as the offenses are not multiplicious.  See RCM 907(b)(3)(B).  Likewise, although Pierce precludes double punishment for the same offense, it does not preclude multiple punishments for multiple offenses growing out of the same transaction when the offenses are not multiplicious.  If appellant wanted to introduce facts and obtain a ruling that the NJP and the court-martial conviction were for the same offense, the time to do so was at trial, not on appeal. See Gammons, supra at 183.

7

IV.  Conclusion

The decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Bracey, 01-0408

BAKER, Judge (concurring in the result):

The majority concludes that "[i]f appellant wanted to introduce facts and obtain a ruling that the NJP and the court-martial conviction were for the same offense, the time to do so was at trial, not on appeal." _ MJ at (7). In other words, absent plain error, appellant waived his opportunity to seek credit under United States v. Pierce, 27 MJ 367 (CMA 1989), because he did not pursue his claim at trial, nor I would add, with the convening authority. I would not find plain error, because if there was error, it was not obvious, given the textual differences between the NJP summary and appellant's court-martial charge. See United States v. Powell, 49 MJ 460 (1998). Therefore, I concur in the result.

I hesitate to go further and conclude as the majority does that

> [t]he record indicates that these were separate actions. The providence inquiry and the associated stipulation of fact indicate that the disrespect offense at issue in the court-martial occurred in response to the platoon leader's order for appellant to stand at parade rest. The NJP record, however, indicates that the earlier NJP was imposed for violation of a different order – the order to stand at attention.

_ MJ at (6-7).

I recognize that attention and parade rest are distinct military positions predicated by separate

1

commands, and that the court-martial charges here were drafted with care to distinguish between these positions. However, I am skeptical, as a general matter, that NJP summaries are universally drafted with the legal precision of a prosecutor drafting a charge in preparation for trial. NJP is intended to be field expedient and is, of course, inherently not judicial in nature.  Article 15 of the Code is designed to allow a commander to  administer NJP without requiring him to seek advice and assistance from an attorney.

Applying an elements test, as one might do in a Teters[*] multiplicity context, to an NJP summary could yield potentially unwanted effects.  An appellant might not qualify for so-called Pierce credit, even where he in fact receives punishment for the same act(s) for which NJP was administered, because the NJP descriptions or summaries have been written by a lay clerk in less formal and descriptive terms than the legal form required in criminal pleadings.  A decision like that taken today would seem to require the NJP recipient to demand elements specificity as to which of his specific actions are being addressed at NJP, if he is to have hope of subsequently receiving Pierce

---

[*] United States v. Teters, 37 MJ 370 (CMA 1993).

credit for his punishment.  This is not realistic.  NJP is not elements based; it is event based.  NJP is not for lawyers; it is for commanders.

In short, I am skeptical that NJP will regularly be broken down with the distinction of a tea ceremony, as the Government argues was the case here, with individual movements of insubordination being addressed separately in Manual at Arms fashion.  Nor should that be the expectation in the case of field expedient nonjudicial discipline.  So long as military law recognizes Pierce credit, our case law should recognize the differences between NJP summaries and courts-martial charges and not encourage an analytic merger of the two.