BAKER, Judge
(concurring in the result):
The majority concludes that “[i]f appellant wanted to introduce facts and obtain a ruling *390 that the NJP and the court-martial conviction were for the same offense, the time to do so was at trial, not on appeal.” 56 MJ at 389. In other words, absent plain error, appellant waived his opportunity to seek credit under United States v. Pierce, 27 MJ 367 (CMA 1989), because he did not pursue his claim at trial, nor I would add, with the convening authority. I would not find plain error, because if there was error, it was not obvious, given the textual differences between the NJP summary and appellant’s court-martial charge. See United States v. Powell, 49 MJ 460 (1998). Therefore, I concur in the result.
I hesitate to go further and conclude as the majority does that
[t]he record indicates that these were separate actions. The providence inquiry and the associated stipulation of fact indicate that the disrespect offense at issue in the court-martial occurred in response to the platoon leader’s order for appellant to stand at parade rest. The NJP record, however, indicates that the earlier NJP was imposed for violation of a different order — the order to stand at attention.
56 MJ at 389.
I recognize that attention and parade rest are distinct military positions predicated by separate commands, and that the court-martial charges here were drafted with care to distinguish between these positions. However, I am skeptical, as a general matter, that NJP summaries are universally drafted with the legal precision of a prosecutor drafting a charge in preparation for trial. NJP is intended to be field expedient and is, of course, inherently not judicial in nature. Article 15 of the Code is designed to allow a commander to administer NJP without requiring him to seek advice and assistance from an attorney.
Applying an elements test, as one might do in a Teters * multiplicity context, to an NJP summary could yield potentially unwanted effects. An appellant might not qualify for so-called Pierce credit, even where he in fact receives punishment for the same act(s) for which NJP was administered, because the NJP descriptions or summaries have been written by a lay clerk in less formal and descriptive terms than the legal form required in criminal pleadings. A decision like that taken today would seem to require the NJP recipient to demand elements specificity as to which of his specific actions are being addressed at NJP, if he is to have hope of subsequently receiving Pierce credit for his punishment. This is not realistic. NJP is not elements based; it is event based. NJP is not for lawyers; it is for commanders.
In short, I am skeptical that NJP will regularly be broken down with the distinction of a tea ceremony, as the Government argues was the case here, with individual movements of insubordination being addressed separately in Manual at Arms fashion. Nor should that be the expectation in the case of field expedient nonjudicial discipline. So long as military law recognizes Pierce credit, our case law should recognize the differences between NJP summaries and courts-martial charges and not encourage an analytic merger of the two.

 United. States v. Teters, 37 MJ 370 (CMA 1993).