UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 SHAUN A. MONROE
 United States Army, Appellant

 ARMY 20080402

 Seventh U.S. Army Joint Multinational Training Command
 Reynold P. Masterton, Military Judge
 Lieutenant Colonel William R. Martin, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan E. Potter, JA (argued); Colonel
Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace
M. Gallagher, JA; Lieutenant Colonel Jonathan E. Potter, JA (on brief).

For Appellee: Captain Nicole L. Fish, JA (argued); Colonel Denise R. Lind,
JA; Lieutenant Colonel Francis C. Kiley, JA; Major Christopher B. Burgess;
Captain Nicole L. Fish, JA (on brief).

 29 September 2009

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 On 5 May 2008, a military judge sitting as a special-court martial
convicted appellant, pursuant to his pleas, of two specifications of
absence without leave, one specification each of damaging military
property, drunk on duty, and breaking restriction, and three specifications
of drunk and disorderly conduct in violation of Articles 86, 108, 112, and
134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886,
908, 912, and 934. The military judge sentenced appellant to reduction to
the grade of Private (E1), forfeiture of $898 pay per month for six months,
confinement for six months, and a bad-conduct discharge. The convening
authority approved only so much of the sentence as provided for reduction
to the grade of Private E1, forfeiture of $898 pay per month for five
months and fourteen days,[1] confinement for four months, and a bad-conduct
discharge.[2] The convening authority also credited appellant with fifty-
three days of pretrial confinement credit.

 On 30 January 2008, appellant was found guilty and received
nonjudicial punishment for the same drunk on duty offense subsequently
referred to appellant’s special court-martial.[3] At trial, the military
judge granted appellant thirty-three days of confinement credit pursuant to
United States v. Pierce,[4] because appellant was already punished after
his Article 15, UCMJ, hearing. After the military judge determined the
credit, trial defense counsel argued the credit should be applied to the
approved sentence and not the adjudged sentence.[5] The military judge
found the pretrial agreement silent on the issue of Pierce credit and ruled
the credit should be applied to the adjudged sentence. Appellant later
raised the issue in his post-trial submission for clemency to the convening
authority.

 Our superior court has not specifically ruled on the issue of whether
Pierce credit must be applied to the adjudged or the approved sentence. It
is clear, however, that an appellant controls if and when the court-martial
is informed of prior nonjudicial punishment. United States v. Gammons, 51
M.J. 169, 179 (C.A.A.F. 1999). “[I]n these rare cases [where an accused
is convicted for an offense of which he has already been punished
nonjudicially], an accused must be given complete credit for any and all
nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-
for-stripe.” Pierce, 27 M.J. at 369. The credit must be meaningful and
confer more than an illusory benefit on an accused. United States v.
Ridgeway, 48 M.J. 905, 907 (Army Ct. Crim. App. 1998). In cases involving
panels when an accused has notified the court of previous nonjudicial
punishment, regardless of whether a specific credit has already been
awarded, a military judge instructs the panel they “must consider that
punishment has already been imposed upon the accused under Article 15, UCMJ
. . . .” Dep’t of Army, Pam. 27-9, Legal Services: Military Judges’
Benchbook, para. 2-7-21 (1 April 2001).

 Immediately prior to announcing appellant’s sentence, the military
judge granted appellant thirty-three days of Pierce credit. The military
judge did not, however, affirmatively state for the record he considered
the prior nonjudicial punishment when fashioning an appropriate sentence.
In fact, the ensuing discussion between the parties and the military judge
about whether the credit should apply towards the adjudged or the approved
sentence leads us to conclude the military judge did not consider the prior
punishment when sentencing appellant. Since we are not convinced the court-
martial appropriately considered the nonjudicial punishment, justice
dictates, in this case, the Pierce credit be applied to the approved
sentence rather than the adjudged sentence to ensure appellant receives
meaningful credit.[6]

 The findings of guilty and only so much of the sentence to
confinement as provides for two months and twenty-seven days are affirmed.
The remainder of the approved sentence is affirmed. Appellant remains
entitled to fifty-three days of confinement credit, as directed by the
convening authority, against the affirmed sentence. All rights,
privileges, and property, of which appellant has been deprived by virtue of
the misapplication of confinement credit, are ordered restored as mandated
by Article 75(a), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] In his addendum to his post-trial recommendation, the staff judge
advocate recommended the convening authority reduce the period of
forfeitures of pay because of lengthy post-trial processing.

[2] Although the promulgating order correctly reflects the sentence
limitations agreed to by appellant and the convening authority, the actual
action signed by the convening authority erroneously approved six months of
confinement vice four months. Since the promulgating order accurately
reflects the appropriate limits to the sentence, no remedial action is
necessary. We remind Staff Judge Advocates to carefully scrutinize court-
martial actions and promulgating orders for errors before they are signed
and processed.

[3] The commander imposed the following punishment: reduction from Private
First Class to Private E2, forfeiture of $351 pay per month for one month,
extra duty for fourteen days, and restriction to certain areas of the
installation for fourteen days. The commander suspended the forfeiture of
pay, but vacated the suspension following appellant’s later misconduct.

[4] 27 M.J. 367 (C.M.A. 1989).

[5] The amount of Pierce credit is not at issue.
[6] This decision should not be construed to mean that all future Pierce
credits be applied to approved sentences. That determination is for
another day.