# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant FERNANDO ALMAGUER**
**United States Army, Appellant**

ARMY 20120228

Headquarters, V Corps
Christopher Fredrikson, Military Judge (arraignment)
Wendy Daknis, Military Judge (trial)
Colonel Mark D. Maxwell, Staff Judge Advocate (pretrial and trial)
Lieutenant Colonel Matthew M. Miller, Acting Staff Judge Advocate (post-trial)

For Appellant:  Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA (on brief).

17 May 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of violating a lawful order from a superior commissioned officer, two specifications of larceny, and four specifications of assault in violation of Articles 90, 121, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 921, 928 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.

This case is before our court for review under Article 66, UCMJ.  Appellate counsel submitted this case on its merits and appellant personally raised matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).  We find the matters personally raised by appellant are without merit.  However, we find an additional matter is worth discussion and relief.

## BACKGROUND

In specifications 2 and 3 of Charge III, appellant was charged with assaulting SA by squeezing her neck and by unlawfully throwing her to the floor. Pursuant to his pleas, the military judge found appellant guilty of each of these specifications. Appellant had previously received non-judicial punishment (NJP) under Article 15, UCMJ, for this same conduct.

During the presentencing phase of the trial, appellant's defense counsel entered a record of appellant's prior Article 15, UCMJ, into evidence and requested the military judge evaluate and order the appropriate credit to be applied pursuant to *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989). Appellant's defense counsel expressly requested the military judge determine the appropriate credit at an Article 39a, UCMJ, hearing rather than leaving it to the determination of the convening authority.

When announcing the credit to be applied to appellant's sentence, the military judge stated:

> Additionally, the court agrees with the government that the reduction in grade also incorporates using the stripe for stripe concept, a limitation on the reduction that the convening authority may approve, such that the convening authority may only approve reduction to the grade of E-2.

The military judge then calculated the remainder of the credit to be applied to appellant's sentence and directed the convening authority to apply that credit at action.

The result of trial, the staff judge advocate's recommendation (SJAR), and the addendum all fail to inform the convening authority of the full credit adjudicated by the military judge for the reduction in grade. Consequently, the convening authority's action approves the adjudged reduction in grade to E-1 and does not reflect the military judge's one grade credit.

## LAW AND DISCUSSION

The purpose of sentencing credit pursuant to *Pierce*, 27 M.J. 367, is to ensure appellant is not punished twice for the same offense. *Pierce* mandates complete credit be given for any and all nonjudicial punishment (NJP) suffered. *See Id*. at 369 (holding "an accused must be given credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe"). Lawful NJP punishment is not voided by subsequent charging of the same offense at a court-martial. *United States v. Gammons*, 51 M.J. 169, 182 (C.A.A.F. 1999) ("We decline to hold that a

mere difference between commanders in the exercise of discretion transforms a lawful NJP disposition decision into a void act.").

Just as it is well-settled that credit for prior NJP must be given, it is similarly well-settled that the accused is the gatekeeper regarding if, when, and how prior NJP for the same offense will be presented, considered, and credited. *Id.* at 183. More specifically, in that role as gatekeeper, the accused governs whether *Pierce* credit will be calculated and applied by the panel; calculated by the military judge at a session pursuant to Article 39a, UCMJ, and then applied by the convening authority at action; or calculated and applied by the convening authority at action. *Id.* In this case, it is clear appellant and his counsel decided to have the military judge calculate any *Pierce* credit at an Article 39a, UCMJ, session to be applied by the convening authority.

We review a military judge's calculation of sentence credit de novo. *United States v. Fischer,* 61 M.J. 415, 418 (C.A.A.F. 2005). Here, the military judge did not commit error in her calculation of *Pierce* credit. However, the convening authority failed to apply the credit ordered by the military judge to appellant's sentence at action. *See Pierce*, 27 M.J. at 369. Accordingly, it is appropriate to "adjust appellant's sentence to assure he was not twice punished." *Gammons*, 51 M.J. at 184. To ensure appellant receives the full credit awarded by the military judge, we will return a stripe to appellant. We are confident this affords complete sentence credit in conjunction with the confinement credit directed by the military judge and already applied by the convening authority.

## CONCLUSION

On consideration of the entire record, the submissions of the parties, and those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are affirmed. Only so much of the sentence as provides for a bad-conduct discharge, confinement for twelve months, and reduction to E-2 is affirmed.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court