# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.A. FISCHER, M.K. JAMISON**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## JEREMY A. SNEARL
## INFORMATION SYSTEMS TECHNICIAN
## SEAMAN (E-3), U.S. NAVY

## NMCCA 201300446
## SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 24 September 2013.
**Military Judge:** CDR Marcus N. Fulton, JAGC, USN.
**Convening Authority:** Commanding Officer, USS CHAFEE
(DDG 90).
**Staff Judge Advocate's Recommendation:** LT M.L. Gardner,
JAG, USN.
**For Appellant:** CAPT Stephen White, JAGC, USN.
**For Appellee:** Maj Crista Kraics, USMC.

**22 July 2014**

---------------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of wrongful use of marijuana, aggravated assault, communicating a threat and disorderly conduct in violation of Articles 112a, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 928, and 934. The military judge sentenced the appellant to eight

months' confinement, reduction to pay grade E-1, forfeiture of $400.00 pay per month for eight months, and a bad-conduct discharge.  Pursuant to a pretrial agreement, the convening authority (CA) suspended all confinement in in excess of six months and suspended adjudged forfeitures for six months from the date of his action contingent upon the appellant establishing an allotment for his spouse.  The CA otherwise approved the adjudged sentence and except for the punitive discharge ordered it executed.[1]

The appellant asserts that the military judge erred by failing to specifically award sentence credit pursuant to *United States v. Pierce,* 27 M.J. 367 (C.M.A. 1989) for the appellant's prior nonjudicial punishment (NJP) for the Article 112a offense. After carefully considering the record of trial, the appellant's assigned error, and the pleadings of the parties, we conclude that the findings are correct in law and fact, however we agree that the military judge failed to clearly articulate his application of *Pierce* credit and therefore we order corrective action on the sentence in our decretal paragraph.  Following our corrective action no error materially prejudicial to the substantial rights of the appellant remains.

**Background**

On 31 May 2013, the appellant was awarded NJP for wrongfully using of marijuana on or about 11 May 2013.  He was awarded restriction, extra duties, forfeiture of half months' pay for 2 months, and reduction one pay grade.  In addition to standing trial for aggravated assault, communicating a threat, and disorderly conduct, the appellant was charged with and pled guilty to smoking marijuana on 11 May 2013, the identical offense for which he received NJP.

At the court-martial, the trial counsel, trial defense counsel, and the military judge agreed to the following:

1.  The appellant's court-martial charge for wrongful use of marijuana was the same conduct for which he previously received NJP;

2.  The appellant was entitled to twenty-eight days of confinement credit for restriction and extra duties the appellant completed as a result of the NJP.  The *Pierce* credit for restriction and extra duties awarded

---

[1] The CA also deferred and waived imposition of automatic forfeitures.

2

at NJP was determined by using the Table of Equivalent Nonjudicial Punishments. Military Judge's Bench Book. Dept. of Army Pamphlet 27-9, Table 2-7 (1 Jan 2010);[2]

3. The appellant was entitled to 91 days of pretrial confinement credit pursuant to *United States v. Allen*, 17 M. J. 126 (C.M.A. 1984). Record at 66; and

4. The *Pierce* and *Allen* credit totaled one hundred and nineteen days of confinement credit. *Id.* 69-71.

The military judge stated, "[w]hat I am inclined to do then is award 91 days of *Allen* credit, 12 days of credit for restriction, 16 days of credit for the . . . extra duty . . . for a total of 119 days of credit toward confinement. *Id.* at 73. The CA recognized and credited the appellant for this confinement time. CA's Action at 3. The Government also believed that the appellant was entitled to 30 days confinement credit for the forfeitures awarded at NJP. Record at 66. However, the military judge stated, "[w]ith respect to forfeitures and reductions, I will take into consideration and give dollar-for-dollar and stripe-for-stripe credit for forfeitures that have already been executed and reductions that have already been executed." *Id.* at 73.

## Discussion

The appellant avers that the military judge erred by failing to fully and specifically articulate on the record his calculations of credit for the appellant's prior award of NJP for the same offense. As the military judge made clear, he calculated credit for the appellant's restriction and extra duties; however, the issue in dispute is the amount of credit, if any, that the appellant received for the forfeitures totaling $2114.00 and the reduction in pay grade he was awarded at NJP. Record at 70, 73.

"[A]n accused must be given complete credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar stripe-for-stripe." *Pierce*, 27 M.J. at 369. After announcing the sentence, the military judge stated, "[f]or the benefit of appellate authorities, I'd like to state that in considering

---

[2]  Twenty-three days of restrictions is equivalent to twelve days of confinement credit. (One day of confinement equals 2 days of restriction) Twenty three days of extra duties is equivalent to sixteen days of confinement credit. (One day of confinement equals one half day of extra duties).

reduction and forfeitures, I did take into account the reduction and forfeitures that were awarded at NJP and gave them dollar-for-dollar and stripe-for-stripe consideration." Record at 96. However, the military judge offered no further details on his credit calculation for forfeitures and reduction. "In a judge-alone trial . . . the military judge will state on the record the specific credit awarded for the prior punishment." *United States v. Gammons*, 51 M.J. 169, 184 (C.A.A.F. 1999). While the adjudged forfeitures were substantially below the authorized maximum, we decline to speculate as to what credit the military judge gave with respect to forfeitures and reduction. We will resolve the doubt in the appellant's favor and order credit to ensure that he is not punished twice for the same offense.

## Conclusion

The findings are affirmed. Only so much of the sentence that provides for reduction to pay grade E-2, forfeiture of $135.00 pay per month for eight months, confinement for eight months and a bad-conduct discharge is affirmed.[3]

For the Court

R.H. TROIDL
Clerk of Court

---

[3] We determined the forfeiture amount by subtracting the total amount of forfeitures awarded at NJP, $2,114.00 from the total amount awarded by the military judge, $3,200.00, and dividing it by eight months.

4