*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HACKEL, GROSS, and BLOSSER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**JOEL L. DERUE**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202300111**

_____

Decided: 28 November 2023

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Andrea C. Goode (arraignment)
Eric A. Catto (Trial)

Sentence adjudged 22 December 2022 by a general court-martial convened at Marine Corps Base Hawaii consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, total forfeitures, confinement for 19 months, and a bad-conduct discharge.[1]

For Appellant:
*Major Brian L. Farrell, USMCR*

---

[1] The accused was credited with 30 days of confinement pursuant to *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989).

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, and Appellant having not challenged the factual sufficiency of this case, we have determined that the findings are correct in law, the sentence is correct in law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.[2]

However, we note that the Entry of Judgment does not accurately reflect the disposition of the charges, as the date the court-martial adjourned is incorrectly listed as 22 January 2023. Furthermore, we note that neither the Statement of Trial Results nor the Convening Authority's Action reflect any of the companion cases as required by §§ 0150a(3) and 0153a(5) of the Dep't of the Navy, Judge Advocate General Instr. 5800.7G, Manual of the Judge Advocate General, (CH-1, Feb. 14, 2022). Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[3] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[2] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

[3] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

| UNITED STATES | NMCCA NO. 202300111 |
|---|---|
| v. | ENTRY OF JUDGMENT |
| **Joel L. DERUE** Lance Corporal (E-3) U.S. Marine Corps *Accused* | *As Modified on Appeal* 28 November 2023 |

On 28 October 2022 and 22 December 2022, the Accused was tried at Marine Corps Base Hawaii, by a general court-martial, consisting of a military judge sitting alone. Military Judges Andrea Goode and Eric Catto, presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881.**

*Plea:* Guilty by exceptions and substitutions.
*Finding:* Guilty.

**Specification 1:** **Conspire to wrongfully distribute cocaine between 1 October 2021 and 11 January 2022.**

*Plea:* Guilty by exceptions and substitutions.

*Finding:* Guilty, except for the words "1 October 2021 and on or about 11 January 2022," substituting the words "6 September 2021 and on or about 10 October 2021," and except for the words "e) request Provost Marshall Office security information from Pvt Jones."

**Charge II:** **Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.**

*Plea:* Guilty by exceptions and substitutions.
*Finding:* Guilty.

**Specification 1:** **Wrongfully distribute cocaine between 1 October 2021 and 25 July 2022.**

*Plea:* Guilty by exceptions and substitutions.

*Finding:* Guilty, except for the words "1 October 2021 and on or about 25 July 2022" substituting the words "15 August 2021 and on or about 30 October 2021."

**Specification 2:** **Wrongfully distribute 3,4 Methylenedioxymethamphetamine and Lysergic Acid Diethylamide between 1 October 2021 and 25 July 2022.**

*Plea:* Guilty by exceptions and substitutions.

*Finding:* Guilty, except for the words "1 October 2021 and on or about 25 July 2022" substituting the words "15 August 2021 and on or about 30 October 2021."

**Specification 3:** **Wrongfully use 3,4 Methylenedioxymethamphetamine and Lysergic Acid Diethylamide between 1 October 2021 and 25 July 2022.**

*Plea:* Guilty by exceptions and substitutions.

*Finding:* Guilty, except for the words "1 October 2021 and on or about 25 July 2022" substituting the words "15 July 2021 and on or about7 November 2021."

**Specification 4:** **Wrongfully use cocaine between 1 October 2021 and 25 July 2022.**

*Plea:* Guilty by exceptions and substitutions.

*Finding:* Guilty, except for the words "1 October 2021 and on or about 25 July 2022" substituting the words "1 August 2021 and on or about 20 November 2021."

**Charge III:** **Violation of Article 115, Uniform Code of Military Justice, 10 U.S.C. § 115.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and Dismissed.

**Specification:** **Wrongfully communicate a threat to physically injure Private Cody Jones, U.S. Marine Corps, on 26 September 2021.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Charge IV:** **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Specification:** **Wrongfully commit an assault upon Private Cody Jones, U.S. Marine Corps, by pushing him against a wall and pressing a knife to his chest on 26 September 2021.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

## SENTENCE

On 22 December 2022, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement**

*For the Specification of Charge I:* confinement for 19 months.

*For Specification 1 of Charge II:* confinement for 19 months.

*For Specification 2 of Charge II:* confinement for 16 months.

*For Specification 3 of Charge II:* confinement for 12 months.

*For Specification 4 of Charge II:* confinement for 12 months.

The terms of confinement will run concurrently.

**Confinement for a total of 19 months.**

**Forfeiture of all pay and allowances.**

**A bad-conduct discharge.**

The Accused shall be credited with 30 days of confinement pursuant to *United States v. Pierce,* 27 M.J. 367 (C.M.A. 1989).

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

3