**UNITED STATES**

v.

**Frederick E. HALL, Jr., 283 78 4036, Seaman Recruit (E–1), U.S. Navy.**

**NMCM 91 1934.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 17 June 1991.

Decided 23 Dec. 1992.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LtCol Eugene P. Whetzel, USMCR, Appellate Defense Counsel.

LT Mary Grace Manion, JAGC, USNR, Appellate Government Counsel.

Before FREYER, Senior Judge, and REED and MOLLISON, JJ.

REED, Judge.

We have examined the record of trial, the assignments of error [1], and the Government's reply thereto. The findings are affirmed. However, the sentence requires reassessment because of error committed. Our discussion follows.

On 17 June 1991, appellant was tried by general court-martial, military judge alone. Pursuant to his pleas, appellant was convicted of violating a lawful general regulation by removing classified material from a designated office; assaulting a child under the age of 16 by unlawfully burning the child on the left arm and left thigh with a

---

1. I. THE MILITARY JUDGE ERRED IN CONSIDERING RECORDS OF NONJUDICIAL PUNISHMENT REFLECTING THE SAME OFFENSES FOR WHICH APPELLANT WAS SUBJECT TO COURT–MARTIAL.
II. BY FAILING TO GIVE CREDIT FOR NONJUDICIAL PUNISHMENT IMPOSED FOR THE SAME OFFENSES, THE CONVENING AUTHORITY IMPERMISSIBLY INCREASED THE PUNISHMENT.
III. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. [CITATION OMITTED.] BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.
IV. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE, CERTIFIED PURSUANT TO ARTICLE 26(b), UCMJ, WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. [CITATIONS OMITTED.]

cigarette lighter; and false swearing, in violation of the Uniform Code of Military Justice (UCMJ), Articles 92, 128, and 134, 10 U.S.C. §§ 892, 928, 934. The sentence adjudged extended to a bad-conduct discharge, confinement for three years, and total forfeitures. On 18 July 1991, the sentence was approved as adjudged; however, pursuant to a pretrial agreement, confinement in excess of 12 months was suspended for a period of 12 months from the date of the convening authority's action.

Appellant had previously received punishment under Article 15, UCMJ, 10 U.S.C. § 815, for the assault on the child and for the failure to obey the general regulation, the Articles 92 and 128, UCMJ, violations. Appellant was awarded restriction for 30 days, forfeiture of $439.00 pay per month for 2 months and reduction in rate. These same Article 92 and 128 offenses were later referred to the instant general court-martial, in addition to a charge of violating Article 134, UCMJ, false swearing.[2]

During the sentencing portion of the court-martial, trial counsel offered into evidence a page 13 from appellant's service record indicating previous punishment for two of the instant offenses. Upon receiving this document the military judge noted that he would consider the fact that the accused had already received punishment at captain's mast (Article 15, UCMJ) for two of the offenses of which appellant had just been convicted.

Additionally, trial defense counsel offered the following stipulation from appellant's commanding officer, which was accepted by the military judge:

> That he was the commanding officer of the USS Stonewall Jackson; that in February of '91, he took the accused, Seaman Recruit Hall, to captain's mast; that Lieutenant Maybon was the pre-mast investigating officer in that case; that Lieutenant Maybon's recommendation was that the offenses against the accused be disposed at nonjudicial punish-

ment; that as Commanding Officer of the Stonewall Jackson, I concurred in that recommendation; that mast was held on 21 February, and I imposed a punishment indicated in the documents, and that I consider that punishment a fair punishment.

■ Appellant now argues that the military judge erred in considering records of nonjudicial punishment reflecting the same offenses for which appellant was subject to court-martial. We disagree.

We note that Article 15(f), UCMJ, provides:

> The imposition and enforcement of disciplinary punishment under this article for any act or omission is not a bar to trial by court-martial for a serious crime or offense growing out of the same act or omission, and not properly punishable under this article; but the fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown shall be considered in determining the measure of punishment to be adjudged in the event of a finding of guilty.

Both trial and defense counsel provided information regarding the prior nonjudicial punishment to the military judge, the prosecutor by introduction of documentary evidence; the defense through a stipulation. When receiving the documentary evidence, the military judge specifically indicated he would consider the prior nonjudicial punishment received for these same offenses in arriving at an appropriate sentence. We do not view the prosecutor's introduction of the prior nonjudicial punishment as an attempt to exploit a previous NJP, but rather to ensure the military judge was aware of previous punishment for the same offenses. Additionally, it is clear to us that trial defense counsel, through his stipulation, did attempt to sway the military judge in awarding lesser punishment because of the previous punishment appellant had received.

---

2. We note that false swearing carries a maximum punishment of a dishonorable discharge, forfeiture of all pay and allowances, reduction in grade to E–1, and confinement for three years. The assault on the child under 16 years of age and the order violation carry similar punishments with a limitation on confinement, however, of two years in each instance.

 The Court of Military Appeals has specifically countenanced the granting of credit by a military judge in arriving at an appropriate sentence where the accused has been previously punished for offenses for which he is also now being court-martialed. *See United States v. Pierce*, 27 M.J. 367 (C.M.A.1989). However, the Court of Military Appeals has also stressed with particularity the procedure for determining the credit to be applied by the military judge, i.e., an appropriate sentence adjudged for the offenses and *then* credit given for the previous Article 15 punishment.[3] *See United States v. Larner*, 1 M.J. 371 (C.M.A.1976) *cited with approval in Pierce*. This the military judge did not do. Since the convening authority took no action to credit appellant for the previous nonjudicial punishment either, we are required to adjust appellant's sentence appropriately to ensure that appellant is not twice punished. *Pierce* at 370.

*Pierce* requires that an accused's sentence be credited with that punishment imposed under Article 15, but a number of punishments may be imposed under Article 15 which cannot be imposed by a court-martial thus making the task of calculating that credit difficult. In *Pierce*, the Court suggests resort to the Table of Equivalent Punishments found at Paragraph 127c(2), Manual for Courts-Martial, United States, 1969 (Rev.). *Pierce* at 369. We will fashion our remedy from that table.

 Under Article 15, appellant was sentenced to restriction for 30 days and forfeiture of $439.00 pay for 2 months. Under the Table of Equivalent Punishments, restriction for 2 days equates to 1 day's pay, hence appellant's sentence must be credited with $392.85 (one half of one month's pay for 1992, the year appellant's sentence to confinement would be fully served and forfeitures would be taken from appellant). In addition, appellant's sentence must be credited with the $878.00 forfeited pursuant to his sentence imposed at nonjudicial punishment.

Accordingly, the sentence, as approved on review below, is affirmed. A credit of $1,270.85 is hereby ordered to be applied against the forfeitures adjudged in this case.

Senior Judge FREYER and Judge MOLLISON concur.

---

**3.** A similar procedure would apply to the convening authority if credit, for whatever reason, had not been given by the military judge.