UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 DARPINO, KERN, and YOB
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 BRYAN D. SANTIZO
 United States Army, Appellant

 ARMY 20100146

 Seventh U.S. Army Joint Multinational Training Command
 Charles A. Kuhfahl, Jr., Military Judge
 Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate (pretrial and SJAR)
 Major Jerret W. Dunlap, Acting Staff Judge Advocate (addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura
R. Kesler, JA; Captain Richard M. Gallagher, JA (on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Lajohnne A.
White, JA; Lieutenant Colonel Paul J. Cucuzzella, JA (on brief).

 31 August 2011

 ---------------------------------
 MEMORANDUM OPINION
 ---------------------------------

 This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.

YOB, Judge:

 A military judge sitting as a general court-martial found appellant guilty, pursuant to his
pleas, of attempted wrongful distribution of methamphetamine, conspiracy to wrongfully distribute
methamphetamine, wrongful use of methamphetamine, and wrongful use of marijuana, in violation of
Articles 80, 81, and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880,
881, and 912a. The military judge also found appellant guilty, contrary to his pleas, of aggravated
sexual assault, in violation of Article 120, UCMJ, 10 U.S.C. § 920. The military judge sentenced
appellant to a bad-conduct discharge, confinement for twenty-six months and forfeiture of $1,000.00
pay per month for twelve months.

 This case is before this court for review pursuant to Article 66, UCMJ. We have considered the
record of trial, the briefs submitted by the parties, and the matters personally raised by the
appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982). None of the Grostefon
matters merit any comment or relief. In the sole assignment of error, appellant alleges the
military judge and convening authority failed to provide appellant with appropriate sentence credit
pursuant to United States v. Pierce, 27 M.J. 367 (C.M.A. 1989) for non-judicial punishment he
previously received for the offense of wrongful use of marijuana. Appellant specifically alleges
that the three-month confinement credit provided by the convening authority as Pierce credit for the
non-judicial punishment reduction is insufficient, given that it was derived from a calculation by
the military judge that did not fully account for the appellant’s pay lost due to the reduction in
grade. We agree.

 BACKGROUND

 At trial, appellant was convicted, inter alia, of the wrongful use of marijuana at or near
Madrid, Spain, between on or about 20 December 2008 and 20 January 2009. During the sentencing
phase of this trial, government counsel conceded that appellant previously had been found guilty of
this same marijuana offense by his commander at non-judicial punishment proceedings on 20 March
2009. The non-judicial punishment imposed for this offense included forty-five days extra-duty and
reduction from the grade of E4 to E1.[1] Government counsel agreed that Pierce credit was
appropriate due to punishment already imposed for this marijuana offense.

 During sentencing, the military judge announced “the accused will be credited with thirty days
confinement credit against the accused’s term of confinement as Pierce credit for the forty-five
days of extra-duty he received for the non-judicial punishment in reference to the marijuana use.”
The military judge further credited the accused “with $3,523.65 forfeiture credit against the
sentence of forfeitures as Pierce credit for the reduction in rank and subsequent loss of pay,” that
was a result of the non-judicial punishment for the marijuana offense. The military judge noted he
calculated this amount based on the difference in pay the accused would have earned as an E4 as
opposed to E1 ($20.85 per day) for the time period between imposition of non-judicial punishment and
the date on which charges were preferred that led to the findings in this case, a total of one
hundred sixty-nine days.[2] The defense counsel’s Pierce credit worksheet had requested the
military judge credit the appellant with loss of pay for a period of three hundred forty-nine days,
representing the time from imposition of non-judicial punishment for the marijuana offense to the
effective date of the adjudged and automatic forfeitures.[3]

 Appellant’s submission to the convening authority pursuant to Rules for Court-Martial 1105 and
1106, also requested Pierce credit reflecting appellant’s loss of pay for three hundred forty-nine
days, rather than the one hundred sixty-nine days calculated by the military judge. Appellant’s
submissions further stated that the forfeiture credit ordered by the military judge was effectively
meaningless, because Article 58(b), UCMJ, 10 U.S.C. §858b required automatic forfeitures of all pay
and allowances during any period of confinement. In response, the Staff Judge Advocate’s (SJA)
addendum to the SJA’s recommendation stated that the forfeiture credit ordered by the military judge
was prohibited by Article 58b, UCMJ, and advised the convening authority to convert the forfeiture
credit into confinement credit. Relying on the amount of forfeiture credit calculated by the
military judge, the SJA calculated the equivalent confinement credit to be seventy-six days, and
advised the convening authority to approve only twenty-three months of the sentence to provide for
this credit.[4] The convening authority then approved only so much of the sentence extending to
twenty-three months confinement, a bad-conduct discharge, and forfeiture of $1,000.00 pay per month
for twelve months; and also credited appellant with thirty days of confinement against the approved
sentence of confinement.[5]
 DISCUSSION

 Under our superior court’s holding in Pierce an accused must be given complete credit against
the adjudged sentence at a court-martial for any non-judicial punishment served by the accused for
an offense for which he is found guilty at a court-martial. Pierce credit for previously served non-
judicial punishment is “day-for-day, dollar-for-dollar, stripe-for-stripe.”[6] Our standard of
review is de novo.[7]

 The Court of Military Appeals in Pierce recognized the difficulties present in reconciling
types of punishment administered through non-judicial punishment and those adjudged at courts-
martial, and suggested using a “Table of Equivalent Punishments,” similar to that provided in
Chapter XXV, para. 127c(2) or Chapter XXVI, para. 131d, Manual for Courts-Martial, United States,
1969 (Rev. ed.).[8] That table indicated that one day of confinement is the equivalent punishment
of one and one-half days of hard labor without confinement, or two days restriction, or one day’s
forfeiture of pay.[9]

 The military judge was thus correct in providing appellant thirty days confinement credit as an
equivalent sentence credit for the forty-five days extra duty previously imposed under non-judicial
punishment. However, neither the military judge nor convening authority provided appropriate
equivalent sentence credit for the appellant’s forfeiture of pay that resulted from his reduction in
rank.

 The military judge’s calculation of forfeitures for the non-judicial punishment reduction in
rank, relied upon by the SJA in his advice to the convening authority, did not fully account for all
the forfeitures requiring Pierce credit. In prior cases, this court has held that forfeiture credit
for a prior non-judicial punishment reduction should be based upon the amount of pay lost from
imposition of the reduction through the effective date of the adjudged court-martial sentence.[10]
By using the 6 September 2009 preferral date as the benchmark rather than the 4 March 2010 date on
which the court-martial sentence was effective, the military judge cut short the amount of
forfeiture credit appellant should have received. A recalculation of forfeitures using 4 March 2010
as the end date raises the creditable forfeiture amount from $3,523.65 to $7,383.75.[11]

 This court agrees with appellant’s contention and SJA recommendation in this case that, in
light of the automatic forfeitures mandated under Article 58(b), UCMJ, any forfeiture credit would
be incomplete and meaningless, and should be converted to confinement credit.[12] In determining
the appropriate credit, we start with the total pay appellant lost as a result of his creditable non-
judicial punishment, in this case determined through the recalculation above to be $7,383.75, and
award one day’s confinement credit for each day’s lost pay.[13] We can ascertain the appropriate
confinement credit in this case by dividing the appellant’s aggregate lost pay that resulted from
the non-judicial punishment reduction by the appellant’s daily pay rate during that same time period
of lost wages.

 Appellant asserts that in making this calculation, the aggregate pay lost should be divided by
his daily pay at his post-reduction grade of E1. We agree with
the government’s response brief that this calculation would improperly inflate the credit due.
Since appellant’s aggregate lost pay is calculated using appellant’s pre-reduction rate of pay, the
appellant’s lost daily pay must also be measured using his pre-reduction pay rate (E4 in this case).
 In applying this formula, we find the appellant forfeited 107.85 days of pay as a result of his non-
judicial punishment reduction and was due one hundred eight days confinement credit under Pierce for
this forfeited pay.[14]

 The SJA Addendum recommended the convening authority provide additional Pierce credit by
approving only twenty-three months of the appellant’s twenty-six months adjudged confinement. In
approving the SJA’s recommendation in this regard, the convening authority provided only ninety days
confinement credit towards the one hundred eight days confinement credit due to the appellant as
Pierce credit for appellant’s prior non-judicial punishment reduction from the grade of E4 to E1.

 DECISION

 On consideration of the entire record, including consideration of the issues personally
specified by appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), we hold
the findings of guilty as approved by the convening authority correct in law and fact. After
considering the entire record, the court affirms only so much of the sentence as provides for a bad-
conduct discharge, confinement for twenty-two months and twelve days, and forfeiture of $1,000.00
pay per month for twelve months. See UCMJ arts. 58b(c) and 75(a). The appellant will be credited
with thirty days confinement against the affirmed sentence.

 Chief Judge DARPINO and Senior Judge KERN concur.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] A copy of the DA Form 2627, Record of Proceedings Under Article 15, UCMJ, dated 20 March 2009,
memorializing the non-judicial punishment imposed for this offense is contained in the record of
trial as a defense exhibit. In addition to extra duty and reduction, the non-judicial punishment
also included forfeiture of $699.75 in pay per month for one month, but this forfeiture was
suspended by the appellant’s commander and never imposed.

[2] The start and end dates for the military judge’s calculation were 20 March 2009, date of
imposition of non-judicial punishment, through 6 September 2009, date charges in this case were
preferred. The military judge stated on the record that the accused’s reduction and failure to be
promoted up to the date of preferral were related to the non-judicial punishment for the marijuana
offense. The military judge also stated that after charges were preferred for offenses that were in
addition to the marijuana charge, the accused’s flag and inability to be promoted could be
attributed to these other charges.

[3] The start and end dates on defense counsel’s worksheet were 20 March 2009, date of imposition of
non-judicial punishment, through 4 March 2010, the effective date of adjudged and automatic
forfeitures in this case. The defense counsel worksheet is contained in the record of trial as a
defense exhibit.

[4] The SJA calculated the confinement credit as follows: Monthly basic pay for E1 ($1,399.50) ÷ 30
days per month = daily pay rate ($46.65); forfeiture credit as calculated by military judge
($3,523.65) ÷ daily pay rate for E1 ($46.65) = 75.53 or 76 days. This figure was rounded up to
three months reduction in confinement.

[5] This thirty days confinement credit was in accordance with the military judge’s sentence, to
account for the forty-five days of extra duty imposed in the non-judicial punishment for the
marijuana offense, and was separate from any credit for the reduction in rank non-judicial
punishment at issue.

[6] Pierce, 27 M.J. at 369.

[7] United States v. Fischer, 61 M.J. 415, 418 (C.A.A.F. 2005) (citation omitted); United States v.
Spaustat, 57 M.J. 256, 260 (C.A.A.F. 2002) (citations omitted). See also United States v. Hall, 36
M.J. 770, 773 (N.M.C.M.R. 1992) (appellate court required to adjust sentence correctly where
convening authority failed to credit appellant for previous non-judicial punishment).

[8] Pierce, 27 M.J. at 369; United States v. Gammons, 51 M.J. 169, 183-184 (C.A.A.F. 1999).

[9] See also Dep’t of Army, Pam. 27-9, Legal Services: Military Judges’ Benchbook, para. 2-7-21 (01
January 2010).
[10] United States v. Piompino, ARMY 20010126, 3 (Army Ct. Crim. App. 29 March 2002) (unpub).

[11] Based on the 2009 Pay Table, the reduction from E4 (over 3) to E1 (over 3) on 20 March 2009
reduced appellant’s pay by $208.50 in March 2009 and by $625.50 per month for each of the remaining
nine months in 2009, for a total of $5,838.00 of lost pay in 2009. In 2010, the per month
difference E4 (over 3) and E1 (over 3) was $646.80 and E4 (over 4) and E1 (over 4) was $752.70. On
18 January 2010, appellant went from “over 3” to “over 4,” therefore, his lost pay from 1 January
2010 through 17 January 2010 was $366.52 ($21.56 per day) and from 18 January 2010 through 4 March
2010 was $1,179.23 ($752.70 + ($25.09 x 17 days)). The total for these three periods of time is
$7,383.75.

[12] United States v. Ridgeway, 48 M.J. 905, 907 (Army Ct. Crim. App. 1998).

[13] United States v. Adkisson, ARMY 20040773 (Army Ct. Crim. App. 19 July 2006) (unpub); United
States v. Piompino, ARMY 20010126, 3 (Army Ct. Crim. App. 29 March 2002) (unpub).

[14] As described supra n.11, appellant lost, as a consequence of his non-judicial punishment
reduction, an aggregate of $5,838.00 in pay in 2009, $366.52 in pay from 1 January 2010 through 17
January 2010, and $1,179.23 in pay from 18 January 2010 through 4 March 2010. In 2009, the daily
rate of pay for an E4 (over 3) was $67.50 ($2,025 per month/30 days). In 2010, the daily rate of
pay for an E4 (over 3) was $69.80 ($2,094 per month/30 days), and the 2010 daily rate of pay for an
E4 (over 4) was $73.33 ($2,199.90/30 days). Therefore, the appellant lost 86.5 days of pay in 2009
($5,838/$67.50 = 86.5 days); 5.25 days of pay from 1 January 2010 through 17 January 2010
($366.52/$69.80); and, 16.1 days of pay for 18 January 2010 through 4 March 2010 ($1,179.23/$73.33 =
16.1 days). The total days of lost pay creditable under Pierce is thus 108 days (86.5 + 5.25 + 16.1
= 107.85 days).