# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TIMOTHY M. DABROWSKI**
**United States Army, Appellant**

ARMY 20120012

Headquarters, 3d Infantry Division and Fort Stewart
Tiernan Dolan, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain Matthew M. Jones, JA.

For Appellee:  Lieutenant Colonel Amber J. Roach, JA.

31 October 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

YOB, Senior Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of violating a lawful order of a superior commissioned officer to remain on post because his pass privileges were revoked, one specification of violating a lawful order of a noncommissioned officer not to maintain a personally owned weapon or store ammunition in his barracks room, one specification of wrongful manufacture of a controlled substance with the intent to distribute, three specifications of wrongful use of a controlled substance, one specification of wrongful distribution of a controlled substance, and one specification of negligently discharging a firearm, in violation of Articles 90, 91, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 891, 912a, 934 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for 28 months, and reduction to the grade of E1.  Appellant was credited with a total of 243 days of confinement credit for pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984), for unlawful pretrial punishment under Article 13, UCMJ, and for punishment already imposed pursuant to *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989).

DABROWSKI—ARMY 20120012

This case is before the court for review under Article 66, UCMJ. Appellant submitted the case on its merits. This court has considered the matters appellant raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determined that they are without merit. However, pursuant to the ultimate offense doctrine and in light of the fact that breaking restriction can no longer be considered a lesser-included offense of willfully disobeying a superior commissioned officer, we find a substantial basis in law and fact to reject appellant's plea to Charge II and its Specification.

Neither the stipulation of fact nor the providence inquiry develops or establishes sufficient facts to support a plea of guilty to a violation of Article 90, UCMJ, but merely establish the offense of breaking restriction in violation of Article 134, UCMJ. Absent admission or stipulation that the superior officer invested the restriction, subject to charge here, "with the full authority of his office" to "lift [the duty to remain within certain limits] above the common ruck," *United States v. Loos*, 4 U.S.C.M.A. 478, 480–81, 16 C.M.R. 52, 54–55 (1954), the "ultimate offense" in this case was breaking restriction. *See United States v. Traxler*, 39 M.J. 476 (C.M.A. 1994); *United States v. Peaches*, 25 M.J. 364 (C.M.A. 1987); *United States v. Bratcher*, 18 U.S.C.M.A. 125, 39 C.M.R. 125 (1969). In addition, the offense of breaking restriction can no longer be considered a lesser-included offense of disobeying a superior commissioned officer so that this court is not free to substitute the former for the latter. *See generally United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010).

Therefore, we find a substantial basis in law and fact to reject appellant's plea of guilty to Charge II and its Specification and disapprove the finding of guilty. *See United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

On consideration of the entire record, we disapprove the finding of guilty of Charge II and its Specification and dismiss that charge and specification. The remaining findings of guilty are correct in law and fact and are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2