# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
AYRES, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant BRIAN S. MULLINS**
**United States Army, Appellant**

ARMY 20110133

Headquarters, Fort Carson
Mark A. Bridges, Military Judge
Lieutenant Colonel Steven P. Haight, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Sasha N. Rutizer, JA (on brief).

28 February 2013

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

GALLAGHER, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of two specifications of violating a lawful order from a superior commissioned officer and one specification of violating a lawful order from a superior non-commissioned officer, in violation of Articles 90 and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 891 (2006) [hereinafter UCMJ].  In accordance with his pleas, the military judge convicted appellant of one specification of violating a lawful order from a superior non-commissioned officer, one specification of violating a lawful general regulation, one specification of false official statement, and one specification of adultery, in violation of Articles 91, 92, 107, and 134, UCMJ.  The military judge sentenced appellant to a bad-conduct discharge, confinement for ninety days, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with eighty-three days of confinement against his sentence to confinement.

MULLINS—ARMY 20110133

This case is before our court for review under Article 66, UCMJ. In his sole assignment of error appellant alleges the credit awarded by the military judge, pursuant to *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989), was not complete because the military judge failed to award appellant adequate credit for his reduction in rank from E-6 to E-5. This assignment of error merits discussion and relief.

**BACKGROUND**

Pursuant to his pleas, the military judge found appellant guilty of violating a lawful order from a non-commissioned officer (NCO), violating a lawful general regulation, providing a false official statement, and adultery. Appellant had previously received non-judicial punishment under Article 15, UCMJ, for this same conduct. Pursuant to Article 15, UCMJ, appellant's battalion commander imposed the following punishment: extra duty for 45 days; restriction for 45 days; forfeiture of $1,453.00 per month for two months; and reduction from E-6 to E-5.

As part of the defense sentencing case, appellant's defense counsel introduced the record of appellant's previous Article 15, UCMJ, proceeding and requested the military judge award appropriate credit pursuant to *Pierce*. Trial defense counsel then subsequently argued, in his sentencing argument, the military judge should consider *Pierce* and the fact that appellant had already been punished for a majority of the charged offenses when determining an appropriate sentence for appellant.

When announcing his sentence, the military judge stated:

> Now, [c]ounsel, with respect to the Pierce credit for the Article 15, I'll tell you exactly how I've calculated that. For the 45 days of extra duty that accused received, I'm giving 30 days confinement credit because I find that to be equivalent to 1½ days extra duty for every day of confinement. For the 45 days restriction, I'm giving 22½ days of credit against confinement because I find that the restriction—every 2 days of restriction is worth 1 day of confinement. And for the $2,906 in forfeitures under that Article 15, I'm giving 30 days credit against the sentence to confinement, and that's because I find each day of forfeiture to be worth a day of confinement.

The military judge then directed the convening authority (CA) to credit appellant with:

> 83 days against the accused's term of confinement and credit the accused with already being reduced to E-5, from E-6 to E-5 in the Article 15. And, so, effectively what that means is the convening authority is going to have to

2

> give 83 days of confinement credit in this case. There is
> no way for him, really, to give credit for the one grade of
> reduction against the sentence. It would be inappropriate
> to apply that against the bad conduct discharge, and, so,
> the convening authority can approve the reduction all the
> way to the grade of E-1.

The result of trial, the staff judge advocate's recommendation (SJAR), and the addendum all fail to inform the CA to credit the accused with already being reduced from E-6 to E-5. The CA's action does not reflect a credit for the reduction.

## LAW AND DISCUSSION

The purpose of sentencing credit pursuant to *Pierce*, 27 M.J. 367, is to ensure appellant is not punished twice for the same offense. *Pierce* mandates complete credit be given for any and all nonjudicial punishment (NJP) suffered. *See Id*. at 369 (holding an accused must be given credit for any and all nonjudicial punishment suffered: "day-for-day, dollar-for-dollar, stripe-for-stripe."). Lawful NJP punishment is not voided by subsequent charging of the same offense at a court-martial. *United States v. Gammons*, 51 M.J. 169, 182 (C.A.A.F. 1999).

The military judge directed specific credit the convening authority was to apply to the approved sentence. However, what is unclear is whether the military judge took the one grade reduction into consideration in determining the entirety of the adjudged sentence and credit to be applied by the convening authority or whether the military judge meant to leave consideration of the reduction entirely up to the convening authority. We recognize that a reduction in rank is not necessarily amenable to formulaic calculations and that may have been all the military judge was attempting to articulate. *See Pierce*, 27 M.J. at 369 ("Because the types of punishments administered non-judicially and those adjudged by courts-martial are not always identical, there may be some difficulties in reconciliation."). *See also United States v. Mead*, __ M.J. ___ (Army Ct. Crim. App. 25 Feb. 2013) (while pay lost as a result of a prior reduction is not beyond the scope of either judicial or convening authority discretion, there is no legal obligation to provide credit for such a consequence).

It is also unclear whether the CA considered and credited the reduction in the sentence he approved. This is because the result of trial, SJAR, and addendum all fail to capture the military judge's direction that the convening authority was "to credit the accused with already being reduced to E-5, from E-6 to E-5 in the Article 15." Under the facts of this case, the inclusion of the military judge's award of credit generally in the record of trial is not sufficient to satisfy us that the convening authority considered *Pierce* credit beyond the 83 days of confinement credit of which he was explicitly informed.

MULLINS—ARMY 20110133

Accordingly, while there are indications that the military judge appropriately credited appellant, we cannot confidently discern whether the military judge or the CA credited appellant's NJP reduction in the sentencing process. As such, it is appropriate to "adjust appellant's sentence to assure he was not twice punished." *Gammons*, 51 M.J. at 184. In order to ensure appellant has received appropriate consideration for the one grade reduction pursuant to NJP, we will reassess the sentence and return a stripe to appellant. We are confident this affords complete sentence credit, in conjunction with the confinement credit directed by the military judge and applied by the convening authority.

## CONCLUSION

On consideration of the entire record, the submissions of the parties, and those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, and applying the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), only so much of the sentence as provides for a bad-conduct discharge, confinement for ninety days, and reduction to E-2 is approved. Appellant will be credited with 83 days of confinement credit against his sentence to confinement. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).

Chief Judge AYRES and Senior Judge COOK concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4