# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 CHRISTINE GONZALEZ**
**United States Army, Appellant**

ARMY 20120984

Headquarters, United States Army Maneuver Center of Excellence
Stephen E. Castlen, Military Judge
Colonel James F. Garrett, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Elizabeth Claus, JA; Major Catherine L. Brantley, JA (on brief).

17 October 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, contrary to her plea, of one specification of desertion terminated by apprehension, in violation of Article 85, Uniform Code of Military Justice. 10 U.S.C. § 885 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for two months. The convening authority approved the findings and sentence.[1]

---

[1] For two days of pretrial confinement, the convening authority credited appellant with two days against the sentence to confinement.

This case is before this court for review under Article 66, UCMJ. Appellant's sole assignment of error alleges that the military judge did not provide her with complete *Pierce* credit for her prior nonjudicial punishment under Article 15, UCMJ. *See United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989). While the military judge stated multiple times that the prior nonjudicial punishment would be considered and we presume the military judge did apply *Pierce* credit, he failed to "state on the record the specific credit awarded for the prior punishment." *United States v. Gammons*, 51 M.J. 169, 184 (C.A.A.F. 1999). The government concedes this failure was error. We agree with and accept this concession and will accordingly grant relief.

Appellant received nonjudicial punishment under Article 15, UCMJ, and was later court-martialed for the same offense of desertion. Her prior punishment was reduction from E-2 to E-1, extra duty for 45 days, and restriction for 45 days. Forfeiture of $745 per month for two months was suspended and never imposed.

At trial, appellant disclosed to the military judge in both the stipulation of fact and the pre-sentencing hearing that she had previously been punished under Article 15, UCMJ, for deserting her unit. The military judge acknowledged that he would consider this as a matter of mitigation in adjudging the sentence in this case. Immediately after announcing the sentence, the military judge reiterated that he had considered the prior punishment when determining the adjudged sentence but failed to state the specific credit he awarded for the prior nonjudicial punishment.

In *Pierce*, our superior court held that an accused can face court-martial for an offense when that accused has previously been punished under Article 15, UCMJ, for that same offense. 27 M.J. at 368-369. However, an accused in this context must receive "*complete* credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe." 27 M.J. at 367. Our superior court has specifically instructed military judges to "state on the record the specific credit awarded for prior punishment." *Gammons*, 51 M.J. at 184.

Although the military judge erred by not announcing his *Pierce* credit calculation on the record, we, upon review, have the authority to "adjust appellant's sentence to assure [she] was not twice punished." *Pierce*, 27 M.J. at 370. Accordingly, we calculate the *Pierce* credit due appellant as follows. First, we presume appellant served 45 days of restriction concurrently with 45 days of extra duty.[2] If two forms of punishment involving deprivation of liberty, such as

---

[2] *See* Army Reg. 27-10, Legal Services: Military Justice, para. 3-19*b*.(8) (3 October 2011) (permitting restriction and extra duty to be combined and to run concurrently). We note the standard Army practice is to execute these punishments concurrently.

(continued . . .)

restriction and extra duty, are combined and imposed on the same day, that single day still amounts to but one day for purposes of calculating day-for-day credit. *See United States v. Mead*, 72 M.J. 515, 519 (Army Ct. Crim. App. 2013) (noting that in calculating *Pierce* credit "a fraction should not subsume the whole."); *see also Manual for Courts-Martial, United States*, (2012 ed.), pt. V, ¶ 5.d.(4) ("Restriction and extra duties may be combined to run concurrently, but the combination may not exceed the maximum imposable for extra duties."). It follows that appellant should receive 45 days confinement credit for the 45 days when appellant was deprived of her liberty, even if that deprivation occurred in two different manners. Second, we award 15 days of confinement credit for appellant's reduction from E-2 to E-1. This credit satisfies the "stripe-for-stripe" requirement of *Pierce*. Accordingly, we only affirm that part of the sentence extending to a bad-conduct discharge.

## CONCLUSION

On consideration of the entire record, including consideration of the issue personally specified by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty are AFFIRMED. After considering the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. See UCMJ art. 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)

Furthermore, nothing in the record indicates that these punishments did not run concurrently in this case.